# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1907.

---

### MANDEVILLE MILLS v. DALE (two cases).

1. The elements of legal liability of the owner or proprietor of premises for injuries occasioned to persons thereon, vary according to whether the person injured was, at the time of the injury, a trespasser, a licensee, a visitor under invitation, express or implied, or a person standing in some special relation recognized by law.

(a) Under the allegations of the petition in the present case, the injured person was a visitor by invitation, upon the defendant's premises.

(b) When the owner or proprietor of premises, by invitation, express or implied, induces or leads others to come upon his premises for a lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe for such use.

2. The petition in the present case is good as against general demurrer.

3. A petition which does not aver a time, as to every material or traversable allegation, is subject to special demurrer pointing out the defect.

Actions for damages, from city court of Carrollton—Judge Hodnett. March 30, 1907.

Argued June 25,—Decided October 14, 1907.

For the homicide of Roy Dale, his father and mother brought separate suits against the Mandeville Mills. The allegations of both petitions, so far as material to the questions here made, are identical. In substance the petitions state, that Roy Dale was, at the time of his death, twelve years old; that he was learning the profession of a mill operative, in the defendant's factory, but was off duty on temporary leave, in order that he might attend school; that on the day of his death he came into the defendant's mill to see his father (who was employed there, and who worked on the second floor) on a matter of business; "that there

was a narrow stairway leading from the room below up to the floor upon which [the father] was at work; that there were no banisters, or railing, to said stairway, and that the steps upon the same from long and constant use, had become very slick; that the said Roy Dale, after having visited his father, left him to return to his home, and started to descend said stairway; that when he had gone some two or three steps down said stairway, his feet slid from under him, and, there being no banisters as aforesaid to protect persons ascending and descending said stairway, he fell violently to the floor below and was so injured, maimed, and bruised that he died some thirty-six hours thereafter; that defendant, the said Mandeville Mills, through its agents, officers, and employees, was well informed and aware of the dangerous condition of said stairway, and had made no effort to remedy the same, notwithstanding its attention had been frequently called to the same; that defendant was guilty of gross negligence in erecting said stairway and not putting a banister or hand-railing upon the same; that they were guilty of gross negligence for permitting said stairway to remain in said dangerous condition, after having ample opportunities to learn of its dangerous condition having increased by means of the steps wearing slick and dangerous." By amendment it is alleged, among other things, "that at the time Roy Dale visited his father as set out in the original petition, he entered the room downstairs in which [his father] discharged some of the duties necessary as an employee of defendant, and was informed that [his father] was upstairs. Whereupon he ascended the stairway hereinbefore described, that being the only means by which he could go from said room upstairs. Defendant, through its agent and employee, S. T. Pitts, was aware of the presence of the said Roy Dale, and of his ascending and descending said stairway at the time of said injuries, and made no objection, notwithstanding it had full knowledge of the danger incurred and the tender years of the said Roy Dale. That the said Roy Dale was invited by the defendant, through its agent and employee, Sank Lovvorn, who had authority so to do, to visit his father while at work in said mill, at any time, on business. Said stairway heretofore referred to was erected for the purpose of furnishing a way for persons upon the lower floor, and in the room first entered by the said Roy Dale, to ascend to the second

floor, and descend from the second floor to the first floor, and was being used for that purpose. The slick and slippery condition of said stairway was a latent defect in the same, which was unknown to the said Roy Dale and which could not have been discovered by him in the exercise of ordinary care." The defendant filed a general demurrer to the petition; also a special demurrer to the paragraph alleging the invitation, on the ground that no time was averred. The demurrers having been overruled, the defendant brings error.

*S. W. Harris, Brown & Roop,* for plaintiff in error.

*Hamrick & Smith,* contra.

POWELL, J. (After stating the foregoing facts.)

1. The liability of the owner or proprietor of premises, for injuries received by persons while present upon such premises, may be viewed in four aspects: (1) Where the person injured is there as a trespasser; (2) where he is there as a licensee; (3) where he is there by invitation of the owner or proprietor; (4) where he is there under some other special relation. In the first case—that of the trespasser—liability arises only where the injury has been occasioned by the wilful and wanton negligence of the proprietor or owner. No duty of anticipating his presence is imposed; and, as was pointed out by this court in *Charleston & W. C. Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064), the duty to use ordinary care to avoid injuring him after his presence and danger is actually known is, in point of fact, merely the duty not to injure him wantonly or wilfully. So in the first case wanton or wilful negligence is essential to liability. In the second case— that of the licensee—there is a slightly higher duty on the part of the owner or proprietor of the premises. He must not wantonly and wilfully injure the licensee; and since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated. The fundamental concept in this class of cases, as in that of trespassers, is of a liability only for wilful or wanton injury; but it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done. See *Southern Ry. Co.* v.

*Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283). To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, man-traps, and things of that character.

In the case of persons on the premises by invitation of the owner or proprietor, a higher degree of care is demanded. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Civil Code, § 3824. The definition of the word "invitation," as given in leading cases, shows why this should be so. We quote from Sweeny *v.* Old Colony R. Co., 92 Mass. (10 Allen) 373 (87 Am. Dec. 644) : "The general rule or principle applicable to this class of cases is, that an owner or occupant is bound to keep his premises in a safe and suitable condition for those who come upon and pass over them, using due care, if he has held out any invitation, allurement or inducement, either express or implied, by which they have been led to enter thereon. A mere naked license or permission to enter or pass over an estate will not create a duty or impose an obligation on the part of the owner, or one in possession, to provide against the danger of accident. The gist of the liability consists in the fact that the person injured did not act merely for his own convenience and pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used. The true distinction is this : A mere passive acquiescence by the owner or occupier in a certain use of his land by others involves no liability; but if he directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use; and for a breach of this obligation he is liable in damages to a person injured thereby."

It is likewise said, in Turess v. New York R. Co., 61 N. J. Law, 314 (40 Atl. 614): "'Invitations' is a term whose legal import is known, and may be used to express the relation between an owner or occupier of land and one who comes thereon under certain circumstances. The invitation which creates such a relation may be express, as when the owner or occupier of lands by words invites another to come on it, or make use of it or something thereon; or it may be implied, as when such owner or occupier, by acts or conduct, leads another to believe the land or something thereon was intended to be used as he uses them, and that such use is not only acquiesced in by the owner or occupier, but is in accordance with the intention or design for which the way or place or thing was adapted and prepared or allowed to be used." The distinction between the duty to a licensee and to one entering the premises under invitation is thus expressed in Beehler v. Daniels, 18 R. I. 563, 565 (29 Atl. 6, 27 L. R. A. 512, 49 Am. St. R. 790): "There is a clear distinction between a 'license' and an 'invitation' to enter premises, and an equally clear distinction as to the duty of an owner in the two cases. An owner owes to a licensee no duty as to the condition of premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril, or wilfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation." Mere permission to enter the premises creates the relation of licensee; invitation, express or implied, is necessary to create the more responsible relation and the consequent higher duty upon the owner or proprietor. In this class of cases wilfulness or wantonness is not necessary to the existence of liability, but merely ordinary neglect, either through act of omission or of commission.) See *Atlanta Cotton-Seed Oil Mills* v. *Coffey*, 80 *Ga.* 145 (4 S. E. 759, 12 Am. St. R. 244); *Archer* v. *Blalock*, 97 *Ga.* 719 (25 S. E. 391); *Central R. Co.* v. *Robertson*, 95 *Ga.* 430 (22 S. E. 551). The case of *Augusta Ry. Co.* v. *Andrews*, 89 *Ga.* 653 (16 S. E. 203), and 92 *Ga.* 706 (19 S. E. 713), is authority, not for the proposition that mere permission is equal to an invitation, but for the proposition that a duty is owing to a licensee.

(The fourth class we shall not take up in detail; but it consists of those cases wherein, by reason of contract, public policy, or

otherwise, there is imposed upon the owner or proprietor of the premises extreme care and caution. The duty owing by a carrier to his passenger is within this class.

The plaintiff in error asserts that young Dale was within the second class mentioned above,—was a bare licensee.; the defendant in error says that he was within the third class, was upon the premises of the mill company by invitation. If the petition had not been amended, the contention of the plaintiff in error would have been well founded. But taking the unequivocal statement of the amendment, "that the said Roy Dale was invited by defendant, through its agent and employee, Sank Lovvorn, who had authority so to do, to visit his father while at work in said mill, at any time, on business," coupled with the further allegation, that with the full knowledge and consent of the defendant company he did, upon the day of the fatal injury, enter upon the premises of the defendant to visit his father on business, we are constrained to hold, under the admission of the demurrer, that he was not a bare licensee, but was a person lawfully upon the defendant's premises by invitation. As to this feature of the case the general demurrer was therefore properly overruled.

2. We come, therefore, to the question whether the petition shows a failure on the defendant's part to exercise ordinary care and diligence to make his premises reasonably safe for his invited visitor. Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term, varying the quantum of actual caution to be exercised, according to the nature of the use to which the property is devoted. We think, however, that the allegation as to the worn and slippery condition of the stairway makes an issuable question as to the defendant's negligence. If the stairway was no more worn and no slicker than those in ordinary use in other mills and similar places, the defendant was guilty of no breach of duty. We must confess that our greatest doubt in the case has arisen over the question as to whether the allegations as to the stairway show a case of negligence at all; but we have finally concluded that enough is alleged to authorize submission to the jury on this point.

The question of the failure of the boy that was killed to use ordinary care to protect himself is also a jury question, not to be decided on demurrer. The jury may take the fact of his previous

acquaintanceship with the premises into consideration, not only in determining whether he could, by the exercise of ordinary care, have avoided the fatal injury (for if he knew of the condition of the stairway and was capable of appreciating its condition, a recovery can not be had), but also in determining whether the owner of the premises was negligent in inviting him in, under the circumstances; for it might be reasonably safe to allow a person acquainted with the condition of things to enter, where it would be wholly unsafe and correspondingly negligent to allow the same privilege to persons ignorant of the conditions.

3. A special demurrer raises the point that no time is alleged as to the allegation that the defendant's agent invited young Dale to enter. The petition must "aver a time when every material or traversable fact transpires." This ancient rule of pleading has been recognized by our Supreme Court in its earliest utterances (*Bond* v. *Central Bank,* 2 *Ga.* 92, 100), as well as in its later rulings. *Warren* v. *Powell,* 122 *Ga.* 4 (49 S. E. 730).

Usually any date may be alleged, due regard being had for the statute of limitations, where applicable; for in ordinary cases the pleader will not be confined to the actual day named; but some specific time must be averred. Direction is therefore given that the trial court require the plaintiff to amend accordingly, and that in default thereof the petition be dismissed.

*Judgment affirmed, with direction.*