## 22615. SCOTT *v.* RICH'S INCORPORATED.

Decided September 26, 1933.

*Knight & Patterson,* for plaintiff.

*Harold Hirsch, Marion Smith, Welborn B. Cody,* for defendant.

Stephens, J. The petition as amended, in substance, alleges that the defendant, Rich's Incorporated, is engaged in the business of selling merchandise in a building in the City of Atlanta, that there are steps in the building, leading from one floor to another, for the accommodation of the defendant's customers in going from one floor to another, that the steps are constructed of hard-surface marble, and from continued use have become polished, round-edged, smooth, slick, and slippery, that there are no safety treads on the steps, that the width of the steps is from five and a half to six and a half feet, that there is no center guard-rail, and the side guard-rails are out of reach of customers from the center of the steps, that the plaintiff, a customer in the store, was in the act of descending the steps in the center while they were congested with numerous patrons using the steps, and while descending the steps her foot slipped, on account of the described condition of the steps, of which she was not aware, although she was descending carefully and looking where she was stepping, and she fell and

was injured physically as set out in the petition, that the described condition of the steps rendered them dangerous to persons using them, that the defendant, with knowledge of the condition of the steps, had maintained them in that condition for some time, and that the defendant in so doing was guilty of negligence. A general demurrer to the petition was sustained.

It is the duty of the owner or occupier of premises upon which he expressly or by implication invites others to come, to use ordinary care to keep the premises in a condition safe for the use of persons thus invited upon them. Civil Code (1910), § 4420. If, by reason of the negligence of the owner or occupier of a building to which the public is invited, the steps are maintained in a condition unsafe to the persons using them, and if by reason of such defect a person lawfully in the building using the steps is injured without fault on his part, the occupier or owner of the building is responsible in damages therefor.

This case comes up on demurrer, and there is presented solely the question as to the condition of the steps as alleged by the plaintiff in the petition. The allegations in the petition show a dangerous condition in the steps. They show that the steps had become slick and slippery and round-edged, etc., from long usage, and that to anyone using the steps there was danger of slipping. The allegations of the petition further show that this danger was enhanced by there being no guard-rail in the center of the steps by which a person descending them might steady himself. The petition alleges also that the defendant was negligent in not having safety-treads upon the steps.

As it is the duty of the owner or occupier of a building to which the public is invited to use ordinary care to maintain it in a condition of safety to persons using the building, it is the duty of the occupier to use ordinary care to maintain the steps therein used by its customers in a condition reasonably safe against accidents from slipping. It seems to be at least a jury question whether the maintenance of the steps by the defendant in its building in the condition described in the petition was negligence. In *Mandeville Mills* v. *Dale, 2 Ga. App.* 607 (58 S. E. 1060), it appeared from the petition that "there were no banisters, or railing, to said stairway, and that the steps upon the same, from long and constant use, had become very slick." The court held that it was a

question of fact whether the occupier of the building was negligent as respects a person lawfully upon the premises, in maintaining the steps in that condition. So far as appears from the report of that case, it was not alleged in the petition that the stairway was more worn or slippery than those in ordinary use in buildings of the character of the building in which the stairway was located. The court in the opinion said: "Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term, varying the quantum of actual caution to be exercised, according to the nature of the use to which the property is devoted. We think, however, that the allegation as to the worn and slippery condition of the stairway makes an issuable question as to the defendant's negligence. If the stairway was no more worn and no slicker than those in ordinary use in other mills and similar places, the defendant was guilty of no breach of duty. We must confess that our greatest doubt in the case has arisen over the question as to whether the allegations as to the stairway show a case of negligence at all; but we have finally concluded that enough is alleged to authorize submission to the jury on this point." In Bennett v. Jordan Marsh Co., 216 Mass. 550 (104 N. E. 479), it was held that the evidence as to the slick and slippery conditions of the steps was sufficient to authorize the jury to find that the defendant was negligent in the maintenance of the steps. The court said: "The more difficult question to be decided is whether there was any evidence to warrant the jury in finding that the defendant negligently maintained the stairway at the place where the plaintiff was injured. We are of opinion that there was. . . The treads of the stairway at the place where the plaintiff testified that she fell, had become 'worn down so that they presented a smooth, shiny, and very slippery surface, which was rounded off by wear at the edge.' . . There was . . evidence that the outer edge of the treads where the plaintiff fell had been permitted by the defendant to wear smooth and to become rounded and slippery; and the questions whether the treads had become defective and whether that condition could have been discovered by proper inspection were for the jury."

Although the plaintiff in descending the steps may have been looking at them and picking her way down as alleged in the petition, yet where she did not know the actual condition of the steps

as she alleges, it can not be said as a matter of law that she was under the circumstances guilty of negligence in using the steps, and that this negligence barred a recovery. See *Wynne* v. *Southern Bell Telephone Co.*, 159 *Ga.* 623 (126 S. E. 388). In *Frost* v. *McCarthy*, 200 Mass. 445 (86 N. E. 918), quoted from in the dissenting opinion in the case of *Lebby* v. *Atlanta Realty Cor.*, 25 *Ga. App.* 369 (103 S. E. 433), it was held that, notwithstanding the plaintiff may have observed the condition of the steps when using them, "an invitation on the part of the defendant was thus held out to customers to enter his store, which to some extent carried an implication of safety if the invitation was accepted. The principle is too well settled to require a citation of authorities to support it, that mere knowledge of the danger of doing a certain act, without a full appreciation of the risk involved, is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. It is still in most cases a question of fact whether, taking into account all the circumstances, including the knowledge and appreciation as well as every other material condition, the plaintiff is guilty of such negligence as to preclude recovery. Such knowledge and appreciation no doubt oftentimes, perhaps generally, constitute weighty evidence of negligence. They do not invariably rise to such clear and conclusive manifestation of want of ordinary prudence as to warrant a court in ruling as matter of law that there is want of due care."

This ruling is not in conflict with that in *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275). In that case it was alleged that the death of the plaintiff's husband was proximately caused by negligence in the maintenance of a marble stairway upon which the steps were slick, with a low balustrade which did not afford protection against accidents caused from slipping on the steps and falling over the balustrade onto the floor below. Nowhere is it alleged that the steps had become slick and defective from use. As respects the condition of the steps, that decision holds that the maintenance of marble steps, the natural characteristics of which are that they are slick, smooth, and slippery, is not negligence. The case is not authority for the proposition that it is not negligent to allow marble steps to become worn and slick, etc., and round-edged from use, where the steps are wide and there is

no center guard-rail and the side guard-rails are far removed from the center, and the dangerous condition of the steps is. augmented by the congestion on the steps of numerous patrons of the building. It is the opinion of the writer, however, that the maintenance of the stairway with a low balustrade, under the dangerous conditions alleged in the petition in the *Holloman* case, was negligence, and that the petition in that case set out a cause of action.

The petition in this case sets out a cause of action and the court erred in sustaining the general demurrer thereto.

*Judgment reversed. Guerry, J., (designated for Jenkins, P. J., absent on account of illness), concurs. Sutton, J., dissents.*

GUERRY, J., concurring. This case is easily differentiated from that of *Holloman* v. *Henry Grady Hotel Co., 42 Ga. App.* 347 (156 S. E. 275). In that case it was alleged that "The steps or treads, being made of marble with a polished surface, were very slick, and the railing being only slightly more than two feet above said steps or treads rendered said stairs an unsafe and dangerous one." It was alleged that the plaintiff's husband became "sick or dizzy," and, because of the slick, smooth surface of the marble steps, he slipped and fell over the balustrade, which was too low. The court in its opinion said: "It is said the 'smooth, polished surface of the steps or treads, combined with the unsafe balustrade, rendered said stairsteps unsafe and dangerous.' We are of the opinion that this court may take judicial notice of the fact that marble is a proper material from which to construct a stairway. . . There is nothing in its texture that renders it inherently slick and, therefore, unsafe and dangerous." The same thing might be said of wood. It becomes a different question, however, when it is alleged that the steps, whether they be of wood or marble, "have from *continuous use* become round-edged, polished, smooth and slick and slippery, and no safety treads have been placed thereon." The construction of steps of marble, which itself may be highly polished and slick, may not be negligence on the part of the owner. If such steps through continuous use have become worn and round-edged and made slippery, we are unable to say that such an allegation is not sufficient to withstand a general demurrer. In *Mandeville Mills* v. *Dale, 2 Ga. App.* 607 (58 S. E. 1060), it was alleged that the steps, "from long and constant use, had become very slick" and caused the plaintiff's

feet to slip from under him, and that the defendant knew that "its dangerous condition had increased by means of the steps wearing slick and dangerous." Quoting further: "If the stairway was no more worn and no slicker than those in ordinary use in other mills and similar places, the defendant was guilty of no breach of duty. We must confess that our greatest doubt in the case has arisen over the question as to whether the allegations as to the stairway show a cause of negligence at all; but we have concluded that enough is alleged to authorize submission to the jury on this point." We think the same. thing applies in the present case and the court erred in sustaining the demurrer on that ground.

SUTTON, J., dissenting. I do not understand that there is any material distinction between this case and that of *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (supra). I am of the opinion that the *Holloman* case is controlling authority in this case, and, therefore, can not agree with the majority of the court in the above opinion.