### 23955.   FLYNN *v.* INMAN.

GUERRY, J.   The petition, construed most favorably to the plaintiff  in this case, shows that he was at most a licensee, if not an actual trespasser. The owner of premises owes to a licensee no duty of keeping the condition of the premises up to any given standard of safety, except that they must not contain pitfalls, mantraps, or things of that character. *Kinnebrew* v. *Ocean Steamship Co.,* 47 *Ga. App.* 704 (171 S. E. 385) ; *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442) ; *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060) ; *Central of Ga. Ry. Co.* v. *Ledbetter,* 46 *Ga. App.* 500 (168 S. E. 81) ; *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490 (118 S. E. 697) ; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675). An allegation in such a petition that the defendant knew or ought to have known of the alleged defective condition is at best but an allegation of implied notice.   *Babcock* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438). The court did not err in sustaining the demurrer.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MAY 18, 1934.

*Spradlin & Whiddon, F. L. Breen, Durwood T. Pye,* for plaintiff.
*Thomas J. Lewis,* for defendant.