Decided May 25, 1951.

*Fraser & Shelfer,* for plaintiff.

*T. J. Long,* for defendant.

WORRILL, J. Stripping the allegations of the petition down

to their barest essentials, only two grounds of negligence upon which the plaintiff seeks to hold the defendant liable are alleged, namely: in failing to provide a light for the walkway in question, and in permitting the toy wagon to be placed upon the walkway or in allowing it to remain there during the night when it could not be seen by persons rightfully using the walkway. That there is no duty on the part of the landlord to maintain lights or to illuminate passageways in the absence of contractual obligation to do so or of statute, seems to be well settled in Georgia. See *Chamberlain* v. *Nash,* 54 *Ga. App.* 508 (4) (188 S. E. 276); *Lee* v. *Malone,* 55 *Ga. App.* 821 (191 S. E. 494).

The other question presents only slightly more difficulty. As was said in *Cook* v. *Kroger Baking & Grocery Co.,* 65 *Ga. App.* 141, 142 (15 S. E. 2d, 531), "The innocence of the person injured does not necessarily establish the negligence of the defendant. The defendant can not be liable unless he owed to the person injured a duty which he neglected. The defendant is not an insurer." In other words, the plaintiff must recover, if at all upon the negligence of the defendant in failing to perform a duty owing the plaintiff. The mere fact that the plaintiff sustained an injury on the defendant's premises, or on premises over which the defendant had retained a qualified control, will not alone support a recovery. This rule is not modified by the fact that the defendant was the landlord of the plaintiff' under the lease contract described. The plaintiff must show that the defendant was derelict in some duty owing him. Does the petition in this case sufficiently show the existence of such a duty on the defendant? Concededly, the defendant was under no duty to enforce rule number one until it had some notice of its imminent violation by some one of its tenants, or until it had actual or constructive notice of its actual violation. The allegations of the plaintiff's petition, that the defendant knew or should have known of the presence of the wagon make out simply a case of constructive knowledge. *Pacetti* v. *Central of Georgia Ry. Co.,* 6 *Ga. App.* 97(1) (64 S. E. 302. Such allegations may be sufficient to withstand a general demurrer, if the facts alleged are such to raise the inference of knowledge on the part of the defendant of the facts necessary

to raise the duty to the plaintiff. However, in our opinion, in the present case no facts are alleged that would raise such an inference. It is not alleged how or in what manner the toy wagon came to be on the walkway in question. Presumably, it was left there by some child of one of the other tenants in the building, but the petition does not so allege, and no facts are alleged that would permit such an inference. Even so, it is not alleged that the wagon had been on the walkway for any specific length of time, such as to raise an inference that the defendant's agent and servant, the janitor should have seen it there and removed it. It is not alleged that there were a number of families (or even one) with children, among the defendant's tenants and that such children habitually left their wagons, toys and bicycles upon the walkways adjoining the building, so as to show that the defendant should have been on notice of such a custom and been on the lookout for it. Assuming that the terms of the contract of rental with the plaintiff raised a duty on the defendant to enforce rule number one against all the other tenants in the building for the benefit of the plaintiff, which it most certainly did not in terms do, this obligation was still a reasonable one and subject to the limitation that the defendant must have had knowledge, actual or constructive, of the violation of such rule before it became obligated to take steps to enforce it.

Under these rules the petition failed to state a cause of action against the defendant, and the trial court did not err in sustaining the general demurrer. See *Brown* v. *S. H. Kress Co.,* 66 *Ga. App.* 242 (17 S. E. 2d, 758), and *Miscally* v. *Colonial Stores Inc.,* 68 *Ga. App.* 729 (23 S. E. 2d, 860).

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*