33493, 33494. TOWNLEY *v.* RICH'S INC. (two cases).

Decided October 25, 1951.

John L. Westmoreland, John L. Westmoreland Jr., for plaintiffs.

Neely, Marshall & Greene, W. Neal Baird, for defendant.

MacIntyre, P. J.  Under the allegations of the petition, the plaintiff went into the store of the defendant as an invitee for the purpose of purchasing merchandise; and, while there, the defendant was liable to the plaintiff for injury occasioned by its failure to exercise ordinary care for her safety.  The acts of negligence complained of were: the maintenance of a metal strip or covering at the top and edge of a stairway landing in the store—from which landing the plaintiff fell—in such a worn down, smooth, slick, and slippery condition as to make the use of the stairway by its customers dangerous and unsafe; the defendant's failure to discover and remedy this defect in the exercise of ordinary care, as the strip had been maintained in such a condition for a considerable length of time; and, in failing to warn its customers of the unsafe condition when, in the exercise of ordinary care, it should have known of the condition of the metal strip and the danger of such condition to its customers using the stairway.

The rule, that questions of diligence, negligence, contributory negligence, and proximate cause of an injury are peculiarly for the jury such that appellate courts will decline to solve them on demurrer except in palpably clear, plain, and indisputable cases, is so well known as to have become a postulate in the consideration of every negligence case on demurrer.

Consequently, taking the allegations as true, as against the demurrer, the metal strip on the top and edge of the landing was worn down, smooth, slick, slippery, dangerous, unsafe, and was the proximate cause of the plaintiff's injuries; and, from the nature of the averments, we cannot say, as a matter of law, that the defendant was not negligent in failing, in the exercise of ordinary care, to discover and remedy the condition.  As was said by Powell, J., in Mandeville Mills v. Dale, 2 Ga. App. 607, 612 (58 S. E. 1060), "Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term,

varying the quantum of actual caution to be exercised, according to the nature of the use to which the property is devoted"; and whether the metal strip covering the top and edge of the landing had become defective, and whether that condition could have been discovered by proper inspection, were questions for the jury. *Scott* v. *Rich's Inc.*, 47 *Ga. App.* 548, 550 (171 S. E. 201); *Macon Academy Music Co.* v. *Carter*, 78 *Ga. App.* 37, 40 (50 S. E. 2d, 626), and citations.

With even greater insistence than was urged on the question of the defendant's negligence, which was by no means conceded, counsel for the defendant contend that the allegations of the petition subject it to general demurrer by showing affirmatively that the plaintiff could have avoided her injury by the exercise on her part of ordinary care. In reaching a decision upon this question, one must keep in mind that the question of whether or not the plaintiff was in the exercise of ordinary care under the circumstances is purely a matter of defense; and unless the allegations of the petition affirmatively show that the plaintiff did not exercise ordinary care to discover the negligence of the defendant, and, after discovering it, exercise due care to avoid the consequences thereof, it must be held, on general demurrer, to be a question peculiarly for the determination of the jury on the evidence adduced at the trial. Conceding that, construed most strongly against the plaintiff, the petition may be said to allege that the plaintiff's vision was not defective, the stairway was well lighted, was provided with an adequate handrail, and that the plaintiff saw the defective condition of the step—that is, she saw that it was worn down and smooth—she alleged that, although the metal strip appeared to be smooth, it did not appear to be so smooth as to be dangerous to use it, and she did not know and had no means of ascertaining its actual dangerous condition and had not a full appreciation of the risk involved in using the stairs. Under this state of the pleadings, the petition does not affirmatively show that the plaintiff in the exercise of ordinary care should have avoided the defendant's negligence. To paraphrase this court's language in *Firestone Service Stores* v. *Gillen*, 58 *Ga. App.* 782, 786 (199 S. E. 853), if knowledge of the worn-down, smooth condition of the metal strip was knowledge of specific defects, and the plaintiff had

knowledge of these particular defects, and yet had no knowledge of the particular, unapparent, dangerous condition connected therewith which occasioned the injury (*Samples* v. *City of Atlanta*, 95 *Ga.* 110, 22 S. E. 135), knowledge of such defects does not necessarily import knowledge of a dangerous condition of such stairway. We again say that "knowledge of defect" should not be confused with "knowledge of danger." *Mathis* v. *Gazan*, 51 *Ga. App.* 805, 808 (181 S. E. 503), and whether or not the plaintiff in the instant case had knowledge of the danger present in using the stairway is a question for the jury.

None of the cases cited by counsel for the defendant in error authorizes or requires a ruling different from the one here made. The decision in each of those cases turned upon the allegations of each particular petition.

The court erred in sustaining the demurrers and in dismissing the petitions.

*Judgments reversed. Gardner and Townsend, JJ., concur.*