34836.   BELK GALLANT COMPANY OF CARTERSVILLE, GEORGIA, INC. *v.* McCRARY.

DECIDED OCTOBER 2, 1953.

832

*Nall, Sterne & Miller*, for plaintiff in error.
*Davis & Cullens*, contra.

CARLISLE, J. 1. The allegations of the petition in this case are so nearly identical with those of the petitions in the cases of *Townley* v. *Rich's, Inc.*, 84 *Ga. App.* 772 (67 S. E. 2d 403), that the petitions in those cases must have served as the prototype, if not the exact model, for the present petition. On the question of the sufficiency of the allegations as to the defendant storekeeper's negligence in that case, the court had this to say:

"The rule, that questions of diligence, negligence, contributory negligence, and proximate cause of an injury are peculiarly for the jury such that appelate courts will decline to solve them on demurrer except in palpably clear, plain, and indisputable cases, is so well known as to have become a postulate in the consideration of every negligence case on demurrer.

"Consequently, taking the allegations as true, as against the demurrer, the metal strip on the top and edge of the landing was worn down, smooth, slick, slippery, dangerous, unsafe, and was the proximate cause of the plaintiff's injuries; and, from the nature of the averments, we cannot say, as a matter of law, that the defendant was not negligent in failing, in the exercise of ordinary care, to discover and remedy the condition. As was said by Powell, J., in *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 612 (58 S. E. 1060), 'Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term, varying the quantum of actual caution to be exercised, according to the nature of the use to which the property is devoted'; and whether the metal strip covering the top and edge of the landing had become defective, and whether the condition could have been discovered by proper inspection, were questions for the jury. *Scott* v. *Rich's* , *Inc.*, 47 *Ga. App.* 548, 550 (171 S. E. 201); *Macon Academy Music Co.* v. *Carter*, 78 *Ga. App.* 37, 40 (50 S. E. 2d 626); and citations." These principles enunciated in the *Townley* cases are sound and controlling on the present case. The fact that the metal strip became worn in those cases, and the wood of which the steps were constructed in the present case, constitutes no variance favorable to the defendant in the applicability of the principles of law. The petition in this case presents a question for a jury as to the defendant storekeeper's negligence.

Although the plaintiff alleges that her eyesight was not defective, that the first of the steps appeared smooth, and that the steps appeared to slant and slope slightly, and, under a proper construction of the petition (against the pleader), it must be assumed, in the absence of an allegation to the contrary, that the steps were properly lighted—the plaintiff also alleges that the stairway in question was her only means of egress from the second floor of the defendant's store, that she was holding onto the handrail at the time her feet slipped from under her, and that although the steps were slanting and sloping, polished, round-edged, smooth, slick, slippery, worn, and scooped-out, they did not appear to be dangerous to use and she had no means of ascertaining their actually dangerous condition. Under these circumstances alleged, we think that it does not affirmatively ap-

pear from the petition that the plaintiff was so contributorily negligent in using the steps as to preclude her recovery as a matter of law, but that the question must be resolved by a jury. *Townley* v. *Rich's, Inc.*, supra, and citations.

2. None of the three special demurrers which were overruled is meritorious. The absence of a center handrail, the absence of an elevator, making it necessary for the plaintiff to use the steps in question, and the absence of safety treads on the steps, are allegations descriptive of the premises and the condition of the steps and to that extent are material to the plaintiff's cause of action.

The trial court did not, for any reason assigned, err in overruling the general and special demurrers.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*