## 36271. JONES *v.* HUNTER.

DECIDED SEPTEMBER 5, 1956.

319

*Joseph S. Crespi*, for plaintiff in error.

*Osgood O. Williams, R. Beverly Irwin, Philip T. Keen, Irwin, Williams, Smith & Keen*, contra.

CARLISLE, J.  Taking the allegations of the petition as true, as we must on demurrer, the floor at the entrance to the store which the plaintiff, as an invitee, was forced to use if she came in or left the store, slanted downward toward the street, was so worn as to become slick and dangerous, of which condition the defendant knew, but was invisible to the plaintiff without a close inspection.  In the center of the entrance was also a small hole, somewhat less than an inch in diameter which had once held a

door stop. The slickened condition of the slanting floor caused the plaintiff's foot to slip and her heel to catch in the hole which caused her fall and resulting injuries. While presumptively there was sufficient light, as there is no allegation that the entrance of the store was darkened, the plaintiff excludes her case from that line of cases which hold that there being light and nothing wrong with the plaintiff's vision she should have seen the obvious defects, by her allegation that the slickened condition of the floor and the hole could have been detected only by a very close inspection, an inspection which she was under no obligation to make. There are no specific facts alleged in the petition to negative the general allegations that the defendant should have repaired the defective condition of the floor of which he had *actual knowledge,* or should have warned her of the condition in the exercise of ordinary care.

"A duty rests upon the occupier of land to exercise ordinary care to keep the premises safe for persons coming thereon by his invitation. Code § 105-401. The invitee, in coming upon the land, may rely upon the discharge of this duty by the person occupying the land and in control of it, and therefore is not necessarily, and as a matter of law, guilty of negligence in failing to discover the existence of a patent defect in the premises which renders it unsafe for persons coming upon the premises. If the defect, though patent, is not of such a nature and character as necessarily to be seen in the exercise of ordinary care by a person coming upon the premises, and who has the right to rely upon the duty of the occupier of the premises to keep the premises safe, as where the defect is such as is here alleged, an invitee coming upon the premises and using the alcove as a walkway, who, without observing the defect, is tripped by it and injured, is not, as a matter of law, guilty of negligence in not observing the defect in the walk. The jury was authorized to find that the occupier of the premises was guilty of negligence in *knowingly* maintaining the premises in the described condition. *Rogers* v. *Sears, Roebuck & Co.,* 45 *Ga. App.* 772 (166 S. E. 64)." *Lane Drug Stores, Inc.* v. *Brooks,* 70 *Ga. App.* 878, 884 (29 S. E. 2d 716).

" 'Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term, varying the quantum of actual caution to be exercised, according to the nature

of the use to which the property is devoted'; and whether the metal strip covering the top and edge of the landing had become defective, and whether the condition could have been discovered by proper inspection, were questions for the jury. *Scott* v. *Rich's, Inc.,* 47 *Ga. App.* 548, 550 (171 S. E. 201); *Macon Academy Music Co.* v. *Carter,* 78 *Ga. App.* 37, 40 (50 S. E. 2d 626); and citations." *Belk Gallant Co.* v. *McCrary,* 88 *Ga. App.* 829, 833 (78 S. E. 2d 198).

Under the rules stated in the foregoing cases whether the alleged defects caused the plaintiff's fall and resulting injuries, and whether or not the defendant actually knew of the alleged defects, or in the exercise of ordinary care should have discovered and repaired them or warned the plaintiff of their presence, or whether the plaintiff in the exercise of ordinary care for her own safety should have discovered the defects in the floor and avoided them, are all questions for determination by the jury.

The petition stated a cause of action as against the general demurrer and the trial court properly overruled the general demurrer.

The present case differs from those relied on by the defendant in that in those cases the defendant was charged only with constructive knowledge of the defective condition causing the injuries, while in the present case the defendant is charged with actual knowledge of the defects in his store floor.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*