36644. MARTIN *et al.* v. HENSON.

Decided May 1, 1957—Rehearing denied May 17, 1957.

716

*Hurt, Gaines, Baird, Peek & Peabody, W. Neal Baird, T. J. Long, Ben Weinberg, Jr.*, for plaintiffs in error.

*Hatcher, Smith & Stubbs*, contra.

GARDNER, P. J. 1. The defendants contend that the court erred in overruling the general and special demurrers for three principal reasons: It is contended that the allegations of the petition show that the plaintiff was (a) a social guest and not entitled to recover; (b) a servant of the defendants and not entitled to recover; or (c) an invitee,—and further that the allegations of the petition show that the injuries received by the plaintiff resulted from the failure of the plaintiff to exercise ordinary care for her own safety. We will discuss these contentions in the order named.

(a) In the contentions of the defendants regarding whether or not the plaintiff was a social guest on the occasion in question, no Georgia cases are cited but our attention is called to the rule of law concerning this question which prevails in other jurisdictions as follows: 25 A. L. R. 2d 600; Comeau *v.* Comeau, 285 Mass. 578 (189 N. E. 588); Gudwin *v.* Gudwin, 14 Conn. Supp. 147, and Laube *v.* Stevenson, 137 Conn. 469 (78 Atl. 2d 693). Our attention is called to the allegation of the petition that the defendants derived no direct pecuniary benefit from the party at the home of the defendant Roy E. Martin. In this connection counsel cite *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867) wherein it is held that on demurrer the petition must be construed most strongly against the plaintiff and if an inference unfavorable to the plaintiff can be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. This rule is so well established, as counsel for the defendants contend, that it needs no further comment or authority.

One of the special demurrers filed in the case by counsel for the defendants was directed to the allegation that the plaintiff, Mrs. Carlton Henson, the mother of the defendant Roy E. Martin's wife, occupied the status of a guest and invitee. Counsel contend in the ground of this particular demurrer that it con-

stituted a conclusion on the part of the plaintiff and that such conclusion is not supported by any allegations of fact. Counsel call our attention to Butler v. Jones, 85 Ga. App. 158, 161 (68 S. E. 2d 173) to sustain the contention on this point. Counsel also cite Jones v. Ezell, 134 Ga. 553 (68 S. E. 303) and Furr v. Burns, 124 Ga. 742 (53 S. E. 201). Counsel for the defendants discuss at great length Scheibel v. Lipton, 156 Ohio St. 308 (102 N. E. 2d 453). In that opinion there are numerous other decisions quoted and cited from jurisdictions other than Georgia. It is elementary that this court is not bound by decisions from other States, and further under the facts of the instant case, Scheibel v. Lipton, supra, and the cases discussed therein do not apply under the facts of this case to support the contention herein involved. After calling our attention to the decision immediately hereinabove cited, counsel for the defendants go into the question that since in the opinion of counsel for the defendants the status of the plaintiff was that of a social guest, that there was no duty owed to her other than as a licensee. Counsel for the defendants then argue regarding the duty owed a social guest (a licensee) and call our attention to Kinnebrew v. Ocean Steamship Co., 47 Ga. App. 704 (171 S. E. 385) ; Jones v. Asa G. Candler, Inc., 22 Ga. App. 717 (97 S. E.112) ; McCall v. McCallie, 48 Ga. App. 99 (171 S. E. 843) and Flynn v. Inman, 49 Ga. App. 186 (174 S. E. 551). Kinnebrew v. Ocean Steamship Co., supra, differs from the case at bar in that there was no mutuality of interest shown. This is true also in McCall v. McCallie, supra. Flynn v. Inman, supra, holds that a licensee is owed no duty except that premises must not contain "pitfalls, mantraps, or things of that character". That principle of law is true but not applicable under the facts of the instant case. Jones v. Asa G. Candler, Inc., supra, is unlike the case at bar because there a nonsuit was granted for the reason that the plaintiff did not prove the allegations of the petitions,—that she was in the building on business by express or implied invitation of the owner and not as a trespasser or licensee. That part of the reason for the nonsuit is of course not applicable to the facts of the instant case for the reason that we are not holding that the plaintiff in the case at bar was a licensee. However that case differs from the case at bar and is not applicable for the further reason that it was held in that case that the plain-

tiff could have avoided the consequences of the defendant's negligence by the use of ordinary care. Counsel comment and quote from the holding in *Kinnebrew* v. *Ocean Steamship Co.*, supra, on this point, and thereafter counsel call our attention to Greenfield *v.* Miller, 173 Wis. 184 (180 N.W. 834) and Lewis *v.* Dear, 120 N. J. L. 244 (198 Atl. 887). In dealing with this contention counsel for the defendants base the argument on the major premise that the plaintiff was, under the allegations of the petition, a social guest or a mere licensee. We do not agree with counsel for the defendants that the plaintiff was a social guest or a mere licensee, under the laws of this State and under the allegations of the petition, and therefore hold that none of the cases cited apply to the allegations of the petition.

(b)   The next contention of counsel for the defendants is that the plaintiff was a servant of the defendants and being a servant she assumed the risks of any negligence on the part of other servants of the defendants who, it is alleged, negligently placed the muslin cloth runner on a slick and slippery floor in preparation for the party and had caused the said runner to become pushed up against a door in such a manner that some of the folds of said runner extended one or two inches above the slick and slippery floor thus causing a dangerous condition. In this connection our attention is called to Code § 66-301 regarding assumption of risks by servants. There seems to be no contention among counsel for the parties that Code § 66-304 applies, and that the master is not liable in such a situation. Code § 66-304 reads: "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." The dissension on this point arises on the proposition as to whether or not the allegations of the petition authorize the conclusion on the part of the defendants that the plaintiff is a fellow servant of other servants of the defendants who placed the runner on the slick floor. We hold, as a matter of law, that the plaintiff does not come under the fellow-servant rule.

(c)   This leaves one position, legally, in which to place the plaintiff under the allegations of this petition. It is our opinion that she was an invitee. As an invitee do the allegations of the petition show as a matter of law that the plaintiff failed to exer-

cise ordinary care for her own safety? In this connection counsel call our attention specifically to paragraphs 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the petition as amended. Our attention is called to the following decisions on this point: *Huey v. Nix*, 94 *Ga. App.* 498 (95 S. E. 2d 339); *Holman v. American Automobile Ins. Co.*, 201 *Ga.* 454 (39 S. E. 2d 850); *National Bellas-Hess Co. v. Patrick*, 49 *Ga. App.* 280 (175 S. E. 255); *McCrory Stores Corp. v. Ahern*, 65 *Ga. App.* 334, 340 (15 S. E. 2d 797); *Conaway v. McCrory Stores Corp.*, 82 *Ga. App.* 97 (60 S. E. 2d 631); *McMullan v. Kroger Co.*, 84 *Ga. App.* 195 (65 S. E. 2d 420). The holdings in those cases do not apply, under the allegations of the petition in the instant case, so as to cause us to hold that the plaintiff was not an invitee.

Our attention is called next to the contention that in the petition as amended there are no allegations that the defendants or any one of them had any notice, actual or constructive, that the cloth runner involved "had been pushed up against the door in such manner that some of the folds of said runner extended between one inch and two inches above the aforesaid slick and slippery floor." However, in this connection the defendants admit that the petition in paragraph 19 alleges: "That all of the defendants had actual knowledge of all of the conditions herein alleged with reference to said door, library, grounds, steps, stone patio, and lighting system, and all of the items incidental and related to them to which reference is herein made." Our attention is called to *Brown v. S. H. Kress Co.*, 66 *Ga. App.* 242 (17 S. E. 2d 758); *Phillips v. Ray-Jean, Inc.*, 84 *Ga. App.* 38 (65 S. E. 2d 617); *Hogg v. First National Bank of West Point*, 82 *Ga. App.* 861, 864 (62 S. E. 2d 634). We have no difficulty in arriving at the conclusion that the plaintiff was not a social guest or a mere licensee. In our opinion the provisions of Code § 105-401 and the decisions rendered by the appellate courts thereunder, according to the allegations of the petition in the instant case, control and authorize this conclusion.

Neither was the plaintiff a servant of the defendants. Code § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise

ordinary care in keeping the premises and approaches safe." Since it is our opinion that the plaintiff was an invitee, the following cases are applicable to the allegations of the petition in the instant case: *Henderson* v. *Nolting First Mortgage Corp.*, 184 *Ga.* 724, 736 (193 S. E. 347, 114 A.L.R. 1022) ; *King* v. *Central of Ga. Ry. Co.*, 107 *Ga.* 754, 760 (33 S. E. 839) ; *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607 (58 S. E. 1060) ; *Jones* v. *Asa G. Candler, Inc.*, 22 *Ga. App.* 717, supra; *Crossgrove* v. *Atlantic Coast Line R. Co.*, 30 *Ga. App.* 462, 464 (118 S. E. 694) ; *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143, 148 (167 S. E. 119) ; *Flint River Cotton Mills* v. *Colley*, 71 *Ga. App.* 288, 291 (30 S. E. 2d 426) ; *Rothberg* v. *Bradley*, 85 *Ga. App.* 477 (69 S. E. 2d 293) and *American Legion, Dept. of Ga.* v. *Simonton*, 94 *Ga. App.* 184 (94 S. E. 2d 66).

The defendants owed the plaintiff, an invitee, ordinary care while she was on the premises, with knowledge of her presence thereon. See *Charleston & N. C. Ry. Co.* v. *Johnson*, 1 *Ga. App.* 441, 443 (57 S. E. 1064) ; *Mandeville Mills* v. *Dale*, supra; *Rollestone* v. *Cassirer & Co.*, 3 *Ga. App.* 161, 167 (59 S. E. 442) ; *Petree* v. *Davison-Paxon-Stokes Co.*, 30 *Ga. App.* 490, 494 (118 S. E. 697) ; *Atlantic Coast Line R. Co.* v. *Heath*, 57 *Ga. App.* 763, 771 (196 S. E. 125) ; *Banks* v. *Watts*, 75 *Ga. App.* 769, 772 (44 S. E. 2d 510).

It is difficult to draw a line of demarcation as to whether or not one is negligent or lacking in ordinary care for his own safety. See *Rothschild* v. *First National Bank of Atlanta*, 54 *Ga. App.* 486 (188 S. E. 301) wherein this principle of law is expressed very well: "In deciding a question of this character, the fact is forced upon us from the many cases we have examined, and the variety of judicial conclusions reached upon similar states of facts, that precedents are of little value, but each case must stand on its own facts. There can be no doubt that it is a difficult problem for a court to declare as a matter of law that one is negligent or lacking in ordinary care for his safety." It was not incumbent upon the plaintiff to negative her own negligence or to show ordinary care on her part. Such were matters of affirmative defense for the defendants. See *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (106 S. E. 738), *Pollard* v. *Hagan*, 60 *Ga. App.* 581 (4 S. E. 2d 477), *Ponder* v. *McKinzie*, 89 *Ga. App.* 846, 850 (81 S. E. 2d 551), and *Cobb* v. *Coleman*, 94 *Ga. App.* 86, 92 (93 S. E. 2d 801). The

plaintiff did allege (without being required to do so) that the dangerous condition could not have been discovered without a close inspection, and there was nothing to put the plaintiff on notice of the dangerous condition of the cloth runner. Counsel for the plaintiff cite *Jones* v. *Hunter,* 94 *Ga. App.* 316 (94 S. E. 2d 384). In that case it was alleged that the floor was so worn as to become slick and dangerous, said condition being known to the defendant but "invisible to the plaintiff without a close inspection . . . The slickened condition of the slanting floor caused the plaintiff's foot to slip and her heel to catch in the hole which caused her fall and resulting injuries. . . If the defect, though patent, is not of such a nature and character as necessarily to be seen in the exercise of ordinary care by a person coming upon the premises, and who has the right to rely upon the duty of the occupier of the premises to keep the premises safe, . . . an invitee coming upon the premises and using the [same] . . . without observing the defect, is tripped . . . and injured, is not, as a matter of law, guilty of negligence in not observing the defect. . . Ordinary care and diligence, as applied to the keeping of premises in safe condition, is a very elastic term, varying the quantum of actual caution to be exercised, according to the nature of the use to which the property is devoted . . . and whether the condition could have been discovered by proper inspection, were questions for the jury. *Scott* v. *Rich's, Inc.,* 47 *Ga. App.* 548, 550 (171 S. E. 201) ; *Macon Academy Music Co.* v. *Carter,* 78 *Ga. App.* 37, 40 (50 S. E. 2d 626) ; and citations. *Belk Gallant Co.* v. *McCrary,* 88 *Ga. App.* 829, 833 (78 S. E. 2d 198). Under the rules stated in the foregoing cases, whether the alleged defects caused the plaintiff's fall and resulting injuries, and whether or not the defendant actually knew of the alleged defects, or in the exercise of ordinary care should have discovered and repaired them or warned the plaintiff of their presence, or whether the plaintiff in the exercise of ordinary care for her own safety should have discovered the defects in the floor and avoided them, are all questions for determination by the jury." There it was held that the case should go to a jury for determination. See also *King Hardware Co.* v. *Teplis,* 91 *Ga. App.* 13, 15 (84 S. E. 2d 686) wherein this court held: "He is not barred of a recovery simply because by extreme care on his part

it would have been possible for him to have discerned the articles negligently left in the aisles or passageways customarily used by the store patrons at the merchant's tacit invitation . . . it is a question for the jury as to what is required of the customer under the facts of each case." See also *Scott* v. *Rich's, Inc.*, 47 *Ga. App.* 548, 551 (171 S. E. 201) wherein it is said: "The principle is too well settled to require a citation of authorities to support it, that mere knowledge of the danger of doing a certain act, without a full appreciation of the risk involved, is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk."

In *Cobb* v. *Coleman*, 94 *Ga. App.* 86, 90, this court said: "Questions of negligence and diligence, even as to gross negligence and slight diligence, as well as determination of what constitutes the proximate cause of an injury, and what amounts to a failure to exercise ordinary care on the part of a plaintiff are generally questions for the jury." Questions of negligence, whose negligence, and what negligence, except in plain and indisputable cases, are for the determination of the jury. The plaintiff might reasonably be assumed not to have had a full apprehension of the danger, her attention necessarily being upon opening the door and carrying something in her hand at the same time. In *Glover* v. *City Council of Augusta*, 83 *Ga. App.* 314, 317 (63 S. E. 2d 422) this court said: "If reasonable minds might differ upon the issue, it is a jury question as to whether conduct alleged to be negligent is in fact negligence. *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (57 S. E. 2d 18). By the same reasoning, it is a jury question as to whether the plaintiff used the diligence of an ordinarily prudent person to apprehend the existence of such negligence, if reasonable minds might differ on that issue." And further, knowledge of defects should not be confused with knowledge of danger. See *Rogers* v. *Sears, Roebuck & Co.*, 45 *Ga. App.* 772 (166 S. E. 64) ; *Scott* v. *Rich's, Inc.*, 47 *Ga. App.* 548, supra; *Krapf* v. *Sternberg*, 48 *Ga. App.* 130 (172 S. E. 69) ; *Firestone Service Stores* v. *Gillen*, 58 *Ga. App.* 782 (199 S. E. 853) ; *Belk-Gallant Co. of Cartersville* v. *McCrary*, 88 *Ga. App.* 829, supra. One can not be continuously on the lookout for unsafe conditions. We can not say as a matter of law that the plaintiff was lacking in ordinary care for her own safety. These factors, under the allega-

tions of the petition, as well as other questions of fact involved, are jury questions. The general rule that issues of negligence are peculiarly for the determination of the jury will be followed here. The plaintiff, being an invitee, because of mutuality of interest, was due ordinary care and it is for the jury to determine the issues of negligence. See *Georgia Power Co.* v. *Sheats*, 58 *Ga. App.* 730, 741 (199 S. E. 582); *Lake* v. *Cameron*, 64 *Ga. App.* 501, 505 (13 S. E. 2d 856); *Morris* v. *Deraney*, 68 *Ga. App.* 308 (22 S. E. 2d 860); *Lane Drug Stores* v. *Brooks*, 70 *Ga. App.* 878, 884 ( 29 S. E. 2d 716); *Banks* v. *Watts*, 75 *Ga. App.* 769 (2) (44 S. E. 2d 510); *Townley* v. *Rich's, Inc.*, 84 *Ga. App.* 772 (67 S. E. 2d 403).

The trial court did not err in overruling the defendants' demurrers, both general and special, except special demurrer 2 regarding conspiracy. The allegation regarding conspiracy as twice used in paragraph 8 of the petition should have been sustained and the word "conspiracy" expunged from that paragraph of the petition and from the record in its entirety. Otherwise, the judgment of the trial court is affirmed.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur.*