42063. KAHN v. GRAPER.
42064. KAHN v. GRAPER, by Next Friend.

ARGUED JUNE 9, 1966—DECIDED NOVEMBER 8, 1966.

*Lewis & Javetz, Emanuel Lewis,* for appellant.

*Joseph B. Bergen,* for appellees.

EBERHARDT, Judge. ■ Although there was no appeal from the overruling of the general demurrer until more than 30 days after that judgment was entered, in the situation here it did not become the law of the case. The Supreme Court has held in *Undercofler v. Grantham Transfer Co.*, 222 Ga. 654, that the denial of a motion for summary judgment is now an appealable judgment, standing alone.[1] It is thus placed in the same category as the judgment on a verdict or the denial of a motion for new trial, so that when there is an appeal from it error can be enumerated on all adverse antecedent rulings of the court, including the overruling of a general demurrer. Section 1(3) of the Appellate Practice Act of 1965 (*Code Ann.* § 6-701). There is an appeal here from the denial of a summary judgment, entered within the time provided by § 5 of the Act (*Code Ann.* § 6-803), and error is enumerated both on the overruling of the general demurrer and the denial of the summary judgment. Consequently, we shall proceed first with a consideration of the ruling on the general demurrer.

---

[1] Quaere: Will § 56 (h) of the Civil Practice Act of 1966 (Ga. L. 1966, p. 609) require a different result when it becomes effective March 1, 1967?

■ It is conceded in the petition that Graper was no more than a licensee[2] on the occasion when he suffered his injury. By the provision of *Code* § 105-402 the defendant could be held only for wilful or wanton injury. "Under the allegations of the petition, the person alleged to have been injured was a licensee, he having entered the building at his own risk. Hence wilful and wanton negligence must appear from the petition." *Leach v. Inman,* 63 Ga. App. 790, 793 (12 SE2d 103). Do the allegations of this petition disclose the infliction of a wilful or wanton injury upon Graper? We think not.

While plaintiff does allege that the stairs were in such condition as to constitute a mantrap or a pitfall, so that an injury resulting from their use would be wantonly inflicted, it is elemental that this general allegation must yield to the specific allegations of fact. *Henderson v. Baird,* 100 Ga. App. 627, 634 (112 SE2d 221). The specific allegations are that the steps were "worn so as to taper inward and downward toward the front edge," that "the front edge of said steps at the top of said flight where the same turns ninety degrees, being angled back toward the banister post so as to become narrow; broken; obstructed; and the stairway being unlighted and dark."

The mere fact that steps are worn and smooth from use does not necessarily indicate the existence even of ordinary negligence. *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693); *Banks v. Housing Authority of Atlanta,* 79 Ga. App. 313 (53 SE2d 595); *Holloman v. Henry Grady Hotel Co.,* 42 Ga. App. 347 (156 SE 275). Cf. *Scott v. Rich's, Inc.,* 47 Ga. App. 548 (171 SE 201); *Townley v. Rich's, Inc.,* 84 Ga. App. 772 (67 SE2d 403); *Belk Gallant Co. v. McCrary,* 88 Ga. App. 829 (78 SE2d 198).

The turning of steps at a ninety-degree angle toward the banister at the top—thus making them narrow at one side—is a type of construction generally used and often found in buildings where people live. The narrowing is obvious to all who use them. It is a statical condition, and "before a recovery is

---

[2] For a definition of licensee, see *Cook v. Southern R. Co.,* 53 Ga. App. 723, 725 (2a) (187 SE 274).

authorized for the plaintiff against an owner and occupier of land for injuries occasioned by falling down a stairway [even] while an invitee on such premises, it must be shown that such stairs were less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees." *Pettit v. Stiles Hotel Co.*, 97 Ga. App. 137, supra. And see *Roberts v. Wicker*, 213 Ga. 352 (99 SE2d 84).

If the steps were broken or obstructed, that was a statical condition which should have been perfectly obvious to any who used them. "Where the alleged injury is caused by the dangerous statical condition of the stairway, and no dangerous active operations are being carried on and no active negligence is involved, no duty arises with reference to the licensee of keeping the usual condition of the premises up to any standard of safety, except that they must not contain a pitfall, a mantrap, or other things of that character." *Leach v. Inman*, 63 Ga. App. 790 (3), supra.

The doctrine of mantrap or pitfall is rested upon the theory that the owner is expecting a trespasser or licensee and has prepared the premises to do him injury. Moseley v. Alabama Power Co., 246 Ala. 416 (21 S2d 305). There is no allegation of any active negligence on the part of the defendant in the preparation of the premises to do plaintiff any injury. This may happen where the owner has deliberately set a trap gun, or has concealed a danger, hiding it with some cover insufficient to prevent injury. It may result from a knowledge of the owner of the existence of the dangerous condition coupled with a conscious indifference to the consequences, so that an intent to inflict injury is inferable. *Louisville &c. R. Co. v. Young*, 112 Ga. App. 608, 613 (145 SE2d 700).

"The general rule supported by the authorities is that, while a landowner cannot intentionally injure or lay traps for a trespasser [or a licensee] upon his land, he owes no other duty to him." Cooley, Torts (4th Ed.) 186, 199, § 440.

Our research has disclosed few cases in which the appellate courts of this state have held the allegations sufficient to allege the existence of a mantrap. See *Crosby v. Savannah Electric &c. Co.*, 114 Ga. App. 193 (150 SE2d 563). Involving situations

somewhat similar to the situation here are: An open staircase well leading from outside into a basement, *Todd v. Armour & Co.*, 44 Ga. App. 609 (162 SE 394); a step leading from a hallway into a lower room, *Wardlaw v. Executive Comm. of the Baptist Convention*, 47 Ga. App. 595 (170 SE 830); an unlighted stairway near the entrance to an apartment, which plaintiff did not see and stepped into, *Mortgage Commission Servicing Corp. v. Brock*, 60 Ga. App. 695 (4 SE2d 669); a darkened stairway on which the banister did not run all the way to the floor, *Leach v. Inman*, 63 Ga. App. 790, supra; a door opening into a dark, empty space below, *Pries v. Atlanta Enterprises, Inc.*, 66 Ga. App. 464 (17 SE2d 902). None of these situations constituted a mantrap, and we can see no basis for finding any here.

Nor does an allegation that the alleged peril was concealed by darkness meet the requirements for alleging the existence of a mantrap or hidden peril, or of wanton and wilful negligence. *Baxley v. Williams Constr. Co.*, 98 Ga. App. 662, 670 (106 SE2d 799); *Todd v. Armour & Co.*, 44 Ga. App. 609 (162 SE 394).[3]

Does the petition allege wilful and wanton negligence on the part of the owner? We think not. Though it is alleged that the condition of the stairs had existed for such a length of time as to charge the owner with notice of it, this is an allegation of constructive notice only. It does not impute any conscious indifference on his part, nor does it authorize an inference of intent to inflict injury. The owner owes no duty to a licensee to inspect the premises or to prepare a safe place for his reception. *Cobb v. First Nat. Bank of Atlanta*, 58 Ga. App. 160 (2a, b) (198 SE 111); Restatement, Torts 2d, § 342; Prosser, Torts (3rd Ed.) Ch. 11, § 60. Indeed, and *even as to an invitee*, "ordinary diligence does not require an inspection where there is no reason to think an inspection necessary." *Roberts v. Wicker*, 213 Ga. 352, 355 (99 SE2d 84); *Cuthbert v. Schofield*, 35 Ga. App. 443 (133 SE 303); *McLaury v. McGregor*, 110 Ga. App. 679 (2) (139 SE2d 444). No allegations of this petition

[3]It is to be observed that plaintiff alleges that he went into the building at 4:30 p.m., September 7, 1959.

indicate any reason why the owner should have had reason to deem an inspection necessary.

There is a considerable similarity in the facts here and those in McCarvell v. Sawyer, 173 Mass. 540 (54 NE 259, 73 ASR 318) where the plaintiff, wishing to see a friend, went into the wrong building and fell into an open elevator shaft. The court held that since he was no more than a licensee the owner owed no duty to make the premises safe for him.

As to what will constitute wilful and wanton negligence see our discussion in *Crosby v. Savannah Electric &c. Co.*, 114 Ga. App. 193, supra, on that subject. We conclude that the allegations of this petition fail to meet the test laid down in the cases cited in that discussion.

Since we reach the conclusion that the overruling of the general demurrers was error, it is unnecessary to deal with the enumerations of error on the denial of the summary judgments.

*Judgments reversed. Bell, P. J., and Jordan, J., concur.*