We concur with his Honor, that the action cannot be sustained. If the defendant had received the Gordon money, it would have been received by him to the use of the plaintiff, and the equitable interest conveyed by him to the plaintiff would have been a sufficient consideration to support the implied promise to pay. But here the money has been received by Skinner to his own use, though wrongfully. The plaintiff's declaration contains two counts, the first upon a warranty of title and a right to transfer, the second upon a mere contract that the claim thereby transferred was good and collectible, and should be collected for the use of said Hudgins. The breach assigned in the first count is that the said Perry had not then good right "to pass to said Hudgins said receipt and note and to authorize him to receive the amount when collected, for that previous to said contract said Perry, the defendant, had duly passed said note to one James C. Skinner, and authorized him to receive the money, when collected, to his own use." The breach assigned in the second count is the same. The answer to the breach in each count is the same, as each count and each breach is substantially the same. An implied warranty cannot extend to defects which are *Page 80 
visible, and alike within the knowledge of the vendee and the (105) vendor, or when the sources of information are alike open and accessible to each party. Here, from the receipt of the attorney, it was obvious that Perry, the holder, had no legal title to the Gordon note. The note was payable to Exum Elliott Co., not assigned by them, and the suit was in the name of the firm. Perry, therefore, upon the face of the instrument, had no legal right to it, nor could he so transfer it as to clothe his assignee with any legal interest. The implied warranty, therefore, did not arise, for there is no pretense of any fraud on the part of the defendant Perry. It is evident all the parties mistook the nature of their rights. The legal title to the Gordon note never passed out of Exum Elliott Co., and they were the only persons who had in law a right to receive the money upon it. When Mr. Skinner received it, he received it to their use at law, and at law is answerable to them. It is very plain how the difficulty has arisen. The contracts or agreements between Perry and Stephen Elliott and between the latter and Skinner were inchoate and never executed. S. Elliott accepted the Gordon note only upon condition that it should serve to discharge his debt to Skinner, and Perry transferred only with the view to pay his debt to Elliott. When the latter apprised Skinner that the Gordon note was received and put in suit for his benefit, he refused to receive it in payment of his claim against Elliott, who thereupon returned it, doubtless, to Perry; for the attorney's receipt is given to Perry, the note being received from him. Considering the contract between him and Skinner at an end, Elliott, who still retained his note on Perry, for a valuable consideration sold or assigned it to the plaintiff, and Perry, upon the payment of it being demanded by Hudgins, might well consider his inchoate contract with Elliott at an end, as it certainly was. No legal title to the Gordon bond had ever passed to Elliott, and the purpose for which it had been delivered to him having failed, and it having been returned to him by Elliott, and his note assigned to Hudgins, he, (106) the defendant, was entirely at liberty to make what use of it he could in meeting the demand upon his note against himself. For that purpose it had doubtless been transferred to him by the original owners. He, therefore, had full right to transfer his equitable interest to the plaintiff. But that did not in law authorize the plaintiff to receive the money when collected, nor had Perry such right. When Skinner received it, he received it to the use of Exum Elliott Co., who were the legal owners. As, however, Exum Elliott Co. lay no claim to the money, there cannot be a doubt but that before another tribunal the rights of the plaintiff to the money would be recognized and enforced.