WOODROW W. DRIVER v. ORVILLE SNOW, Trading as HANES HARD-
WARE AND APPLIANCE COMPANY.

(Filed 12 December, 1956.)

1. **Sales § 15—**

   There can be no implied warranty in regard to a defect which is as
   equally visible or discoverable by the purchaser as the seller.

2. **Same—Evidence held to show that defect was equally discoverable by
   purchaser and therefore was not covered by implied warranty.**

   Plaintiff's evidence was to the effect that he purchased a second-hand
   stove, equipped with a jacket for the purpose of heating water, upon the
   seller's representation that the stove would be equally usable for heating
   a room, that the seller furnished him plugs to stop up the two water holes
   of the jacket, that plaintiff took the stove home, fitted the plugs, built a
   fire, and that there was an explosion which seriously and permanently
   injured plaintiff. *Held:* While the evidence supports the inference that
   the explosion occurred from steam created from water left in the water
   jacket, it discloses that this fact was at least as easily discoverable by the
   purchaser as the seller, and therefore nonsuit was properly entered in
   an action to recover for the injuries on the theory of breach of an implied
   warranty that the article was fit for the purpose for which it was sold.

Johnson, J., not sitting.

Appeal by plaintiff from *Armstrong, J.,* July, 1956 Term, Forsyth
Superior Court.

Civil action for damages alleged to have resulted from the explosion
of a second-hand coal stove sold to the plaintiff by the defendant.

The plaintiff alleged:

"The stove was a second-hand stove which had been slightly used.
The stove was equipped with a water jacket for the purpose of
heating water in addition to furnishing room heat. At the time
plaintiff purchased the stove from the defendant, there were two
short lengths of pipe about six inches long extending from the
water jacket inside the heater through the shell of the heater to the
outside. The plaintiff explained to the defendant that he did not
wish to use the stove for the purpose of heating water, but only
for the purpose of heating his kitchen. The defendant, Orville
Snow, thereupon instructed the plaintiff that the stove would
operate very well as a room heater, and that all that was necessary
to do was to remove the two short pieces of iron pipe with a small
pipe wrench, and to replace the two pipes removed with two plugs.
The defendant, at the same price, gave to the plaintiff two iron
plugs, which he instructed the plaintiff to place in the openings left

when the pipes were removed. The two pipes removed were open pipes having no caps at either end."

The plaintiff further alleged the defendant knew the plaintiff wanted a stove to heat a room and not to heat water, and in selling it the defendant impliedly warranted it as suitable for the purpose for which it was bought; and in giving the defendant plugs to take the place of two pipes which were to be removed, he knew, or should have known there might be water in the jacket surrounding the fire box which would develop into steam and wreck the stove; that the stove did blow up when so used, seriously and permanently injuring the plaintiff. The plaintiff introduced evidence that he took the stove home, removed the pipes, plugged the holes, set up the stove and, when he built a fire in it next day, the stove blew up, injuring him so that he stayed in the hospital for months; that he lost a leg as a result of his injury.

The defendant denied negligence, warranty, knowledge that there was water in the stove; and alleged that the plaintiff had a better opportunity than did the defendant to ascertain the stove jacket contained water. He pleaded contributory negligence on the part of the plaintiff.

At the close of plaintiff's evidence, the court entered judgment of involuntary nonsuit, from which the plaintiff appealed.

*Deal, Hutchins and Minor,*
*By: Roy L. Deal, for plaintiff, appellant.*
*Parker & Lucas, for defendant, appellee.*

HIGGINS, J. At the time the defendant bought the second-hand stove he bought a water tank which had been attached to the stove. The plaintiff bought the stove knowing it was second-hand and knowing it had been used to heat water. He declined to buy the tank. After the purchase he loaded the stove on his truck, took it home, removed the pipes which permitted the water to circulate between the tank and the stove, and plugged the holes left by the removal of the pipes. He installed the stove, built a fire in it, and in about 20 minutes it exploded, seriously and permanently injuring him.

The evidence is sufficient to permit the inference the explosion was caused by the presence of water in the jacket. It is sufficient to permit the inference the water was there when plaintiff bought it. There is no evidence, however, the defendant had such knowledge. There is evidence the stove, though second-hand, had been recently polished; but whether by the defendant or by the person from whom he purchased it, does not appear. Even if polished by the defendant, and there is no evidence to that effect, that would show at most some opportunity to

discover the presence of water. But after all, the plaintiff had the real opportunity to make such discovery. He loaded the stove, carried it home, unloaded it, removed the pipes and sealed up the water jacket.

The plaintiff contends, however, that under the circumstances the defendant is liable by reason of the implied warranty that the stove was safe for the purpose for which it was bought. "Implied warranty cannot extend to defects which are visible and alike within the knowledge of the vendee and vendor, or when the sources of information are alike open and accessible to each party." *Hudgins v. Perry,* 29 N.C. 102; *Phillips Petroleum Co. v. Gibson,* 232 Fed. 2d 13 (5th Ct.). "Where the purchaser is not deceived by any fraudulent representations and demands no warranty, the law presumes that he depends on his own judgment in the transaction and applies the maxim, *caveat emptor.*" Am. Jur., 46, p. 521. "It is generally held upon the sale of a designated, specific article sold as secondhand, that there is no implied warranty as to its quality or fitness for the purpose intended, at least where it is subject to inspection at the time of sale." ' Am. Jur., 46, p. 454. "There is no implied warranty where the buyer has knowledge equal to that of the seller . . . the presence of the goods at the time of sale open and available for inspection . . . prevents the implication of warranties." 55 C.J., secs. 703, 704, pp. 716, 718.

We have examined the authorities cited by the plaintiff and find they do not point to liability in this case. In *Dalrymple v. Sinkoe,* 230 N.C. 453, 53 S.E. 2d 437, the seller represented the article as suitable for the purpose for which it was purchased, whereas it was dangerous for that purpose. Am. Jur. 46, sec. 803, p. 928, quoted in appellant's brief, limits legal liability to "a seller having actual knowledge of a latent defect not discoverable upon ordinary examination." Neither *Lexington Grocery Co. v. Vernoy,* 167 N.C. 427, 83 S.E. 567, nor *Rabb v. Covington,* 215 N.C. 572, 2 S.E. 2d 705, support plaintiff's position. They deal with latent defects not discoverable by ordinary examination.

In this case the trouble arose because someone left water in the jacket, probably when the tank was detached. The finger of suspicion would point to the man who last used it for heating water. But, as between the plaintiff and defendant, the man who had the last and best opportunity to discover the water would appear to be the man who loaded the stove, unloaded it, removed the pipes, plugged the holes, installed it for use, and built a fire in it—the plaintiff.

This is a most unfortunate case. The plaintiff was gravely and permanently injured. But injury alone does not make out a case of liability. The judgment of the Superior Court of Forsyth County is

Affirmed.

JOHNSON, J., not sitting.