KATHLEEN DAVIS LEMON, EXECUTRIX OF THE ESTATE OF DUNCAN E. LEMON, DECEASED v. BUCHAN LUMBER COMPANY, INCORPORAT- ED, AND LOWE'S ASHEBORO HARDWARE, INC.

(Filed 14 January, 1960.)

**1. Sales § 30—**

The manufacturer may be liable to the purchaser for an injury re- sulting from some latent defect in the article sold or from a danger inherent in its use for the purpose for which the manufacturer knew the article would be put, but in the purchaser's action to recover for such injuries he must allege the facts supporting the conclusion that the article was dangerous in one of these respects.

**2. Same— Complaint held insufficient to state cause of action against manufacturer on ground of inherent danger or latent defect in article sold.**

The complaint alleged that defendant manufacturer sold lumber which he knew was to be used as joists and framing in construction work, that the specifications called for yellow pine, that the lumber delivered contained some white pine mixed with the yellow, that a piece of this lumber was used as a joist, and that it broke while plaintiff's intestate was standing upon it, resulting in intestate falling to his fatal injury. It was further alleged that this particular piece of lumber had a whorl of knots grouped together on its underside, that the difference in the kind of pine and the existence of the knots were readily observable, that it thus was dangerous and unsafe for the use for which it was in- tended, and that the manufacturer knew or should have known of the defects in the exercise of ordinary care and inspection. *Held:* De- fendant's demurrer was properly allowed since such piece of lumber would not be dangerous when employed in some uses in the construction work, and the manufacturer is not required to anticipate the use to which each particular piece of lumber would be employed.

**3. Negligence § 7—**

A person is under duty to anticipate only those consequences which in the ordinary course of human experience may reasonably be expected to result in injury to others.

APPEAL by plaintiff from *Sharp, S. J.,* September, 1959 Term, of RANDOLPH.

Plaintiff seeks damages on account of the death of her intestate. As the basis for recovery, the "further amended" complaint alleges in brief these facts: Buchan Lumber Company (hereafter called Bu- chan) is engaged in the manufacture and sale of lumber; Buchan transacts its business at Asheboro through its agent, Lowe's Asheboro Hardware, Inc., (hereafter called Hardware); National Food Stores, Inc., engaged in the construction of a building at Asheboro, contracted with Buchan through its agent, Hardware, for lumber of grade num- ber 2 to be used as joists and framing in the building then being con-

structed; grade 2 is a grade for yellow but not for white pine; Buchan, through its agent, Hardware, pursuant to said contract, delivered pine lumber two inches thick, ten inches wide, in lengths of ten, fourteen, and eighteen feet; a part of the lumber so delivered was white pine and not yellow pine; the distinguishing characteristics of white and yellow pine are plainly visible and readily discernible; plaintiff's intestate was, in November 1956, employed by National Food Stores as a carpenter and was, on 20 December 1956, engaged in the construction of the building where the lumber purchased from Buchan was being used; while he was standing on a joist resting across two metal beams, the joist suddenly broke, causing him to fall from the roof about 23 feet to the ground; he sustained injuries which caused his death; the joist on which he was standing was white pine "containing a whorl of knots grouped together occupying more than two-thirds of the cross section at a point where a hole about one-half inch in diameter extended diagonally several inches into the wood rendering it dangerous and unsafe for the use for which it was intended, which facts were known, or should have been known in the exercise of ordinary care . . ."; the piece of lumber was laid across the metal beams with the hole and knots on the lower side; defendants, knowing the use to which the lumber was to be put, to wit, the construction of a building, were under the duty to inspect, and failure to inspect and discover the knots so readily discernible was a negligent breach of duty owing to plaintiff's intestate.

Defendants demurred for failure to state a cause of action. The demurrer was sustained. Counsel for plaintiff stated in open court that further amendment of the complaint was not desired; whereupon judgment was entered dismissing the action, and plaintiff appealed.

*Harold I. Spainhour and Ferree & Anderson for plaintiff, appellant.*
*McElwee & Ferree for Buchan Lumber Company, Inc., defendant, appellee.*
*Miller and Beck for Lowe's Asheboro Hardware, Inc., defendant, appellee.*

RODMAN, J. Plaintiff's cause of action is laid in tort and not in contract. The fact alleged and admitted by the demurrer that defendant, having a contract to deliver yellow pine had in fact delivered a mixture of yellow and white pine gave plaintiff no right of action. The damages, if any, resulting from the breach of contract by delivery of a less valuable article could only be claimed by the purchaser.

Plaintiff, if she is to recover, must allege some breach of duty owing her intestate by defendants which proximately caused his death. Recognizing this requirement, she alleges the lumber was sold for use as joists and framing and because of knots, holes, and the kind (white pine instead of yellow) was not fit for the purpose intended and was inherently dangerous.

Liability may be imposed on a manufacturer who sells an article likely to cause injury in its ordinary use because of some latent defect or because inherently dangerous in the use to which he knows it will be put. *Dalrymple v. Sinkoe*, 230 N.C. 453, 53 S.E. 2d 437; *Gas Co. v. Montgomery Ward*, 231 N.C. 270, 56 S.E. 2d 689.

It is not sufficient to merely allege that an article is inherently dangerous. Unless the mere descriptive name indicates the dangerous character, the pleader must set out the facts which are relied upon to fix the dangerous character of the article. We quoted, with approval, in *Kientz v. Carlton*, 245 N.C. 236, 96 S.E. 2d 14, this excerpt from *Campo v. Scofield*, 95 N.E. 802: " . . . since the duty owed by a manufacturer to remote users does not require him to guard against hazards apparent to the casual observer or to protect against injuries resulting from the user's own patently careless and improvident conduct, the complaint was properly dismissed."

The approval there given was repeated in *Tyson v. Mfg. Co.*, 249 N.C. 557, 107 S.E. 2d 170, where additional authorities are cited.

There were no hidden defects in the lumber sold to National Food Stores. Plaintiff alleges the distinction between white and yellow pine and the presence of knots in the boards were apparent and discoverable on a casual inspection. The allegations are not sufficient to hold defendants on the theory that they sold an inherently dangerous article or an article dangerous because of hidden defects. Nor are the allegations sufficient to impose liability on the theory that defendant, in total disregard of the safety of the ultimate user carelessly and negligently sold an article which would likely prove dangerous in the intended use—construction of a building. To so hold would require the vendor to know where and how each board would be placed, the distance to be spanned, the weight to be supported, and many other factors which the manufacturer could not know but which would be known to the carpenters and others working on the building. A particular plank unfitted for a joist might be entirely fit and proper for use in framing, or unfit for joists in one place and fit for them in a different place. The law imposes liability for failure to anticipate those consequences which in the ordinary course of human experience might reasonably be expected to result in injury to others. *Burr v.*

*Everhart,* 246 N.C. 327, 98 S.E. 2d 327; *Brady v. R. R.,* 222 N.C. 367, 23 S.E. 2d 334. The law does not require a vendor to stretch foresight into omniscience. *Gant v. Gant,* 197 N.C. 164, 148 S.E. 34.

The facts alleged are insufficient to show that defendant should reasonably have anticipated the particular use of the board with the alleged readily observable defects in such manner as to cause injury to anyone. *Chambers v. Edney,* 247 N.C. 165, 100 S.E. 2d 343; *Stultz v. Benson Lumber Co.,* 59 P 2d 100; *Kramer v. Mills Lumber Co.,* 24 F 2d 313, and annotations 60 A.L.R. 366.

Affirmed.