VIVIAN W. COBB v. JERRY A. CLARK AND REBECCA C. CLARK.

(Filed 23 July, 1965.)

1. **Courts § 20—**

In an action here to recover for a negligent injury inflicted in another state, the laws of such other state govern the right of action, with procedural questions arising on the enforcement of such right to be determined by the laws of this State.

2. **Negligence § 36—**

Under the laws of the State of Georgia, in which this cause of action arose, a house guest is an invitee.

3. **Same—**

Under the laws of the State of Georgia, where this cause of action arose, as well as under the laws of this State, an invitee who exceeds his invitation and goes to areas not open to his use becomes a mere licensee.

4. **Negligence § 37f—**

Evidence that a house guest, occupying the status of an invitee under the laws of the state in which the cause of action arose, in the absence of her host, turned off the light in her bedroom, walked down a dimly lit hall, and, because of the inadequate illumination, opened the cellar door instead of the nursery door, and fell down the steps to her injury, is held insufficient to be submitted to the jury on the issue of negligence, since plaintiff herself was responsible for the lack of light in the hall.

APPEAL by plaintiff from *Mallard, J.,* November 19, 1964 Civil Session of ALAMANCE.

This is an appeal from a judgment sustaining a demurrer to the complaint for failure to state a cause of action.

*B. Gordon Gentry; Jordan, Wright, Henson & Nichols for plaintiff appellant.*

*Cooper & Cooper; Sanders & Holt for defendant appellees.*

RODMAN, J. Summarily stated, the complaint alleges these facts: Defendants are husband and wife. They own and occupy a home in Atlanta, Georgia. Plaintiff is the mother of *feme* defendant. Plaintiff, her husband and another daughter of plaintiff were invited to spend Christmas 1963 at defendants' home. Accepting the invitation, they arrived in Atlanta about 6 p.m. on Sunday, December 22. The invitation to spend Christmas with defendants imposed an obligation on plaintiff to assist in decorating a nursery in the new home, which defendants had purchased some five or six weeks previously, and "in making preparation for the Christmas holiday season."

Performing her contractual obligation, plaintiff had, on the 24th, assisted in preparing supper. She also fixed a turkey to roast for Christmas dinner. She finished her work about 10:30 p.m. She then went to a bedroom for an alarm clock. Male defendant was there. He left. Plaintiff followed him into the hall, intending to go from the bedroom to the nursery. "When the plaintiff came out of the bedroom into the hall the light was turned off in the bedroom. The light in the hallway was not on. The light from the den dimly lit the hall. To turn on the light it was necessary to go across the hall to a switch on the wall.

"Within approximately two and one-half feet from the bedroom door was the door to the nursery. The bathroom door was approximately three feet from the bedroom door. That the door to the basement which opened inward into the stairway was about two feet from the bedroom door and that there was no lock on this door or any other way to keep the door from being opened inadvertently."

Counsel for plaintiff were asked, on oral argument, to supplement the description of the floor plan as given in the complaint. We understand from the explanation then given that the hall is approximately two and one-half feet wide. The door to the basement is at one end of the hall. The bedroom and den are on one side of the hall, the bedroom being nearest the end of the hall where the door opened into the basement. On the other side of the hall, and nearest to the basement door, was a bathroom; beyond that, and further away from the door to the basement, was the nursery.

Plaintiff, when she came from the bedroom, instead of crossing the hall to the nursery door as she intended, turned away from the nursery and went to the end of the hall to the door leading to the basement. She opened that door. She alleges she thought it was the door leading to the nursery. She stepped inside to turn on the light and, when she did so, fell down the stairway.

She alleges defendants were negligent in these particulars: (1) In permitting the door to the basement to open into the stairway rather than into the hall; (2) in not having a light in the stairway; (3) in not having a handrail in the stairway on the right-hand side, but in putting the handrail on the left-hand side and beyond the door, thereby requiring a person going to the basement to descent three steps before being able to reach the handrail; (4) in permitting the stairway to be constructed with different height risers, the distance from the floor of the hall to the first step being different from the other steps; (5) in not keeping the door to the basement locked "to prevent anyone from inadvertently opening the door and stepping into the stairway"; (6) in having a door opening into the basement in close proximity to the doors of the nursery and bathroom; the negligent manner in which the

doors of the several rooms were located, coupled with the negligent failure to keep the door to the basement locked, and the manner in which the stair leading from the hallway to the basement floor was constructed, constituted a failure by defendants to exercise "ordinary care in keeping their premises in a safe condition for an invitee in violation of Georgia Code S. 105-401," proximately causing plaintiff's injuries.

Plaintiff was injured in Georgia. Her right of action, if any, is determined by the law of Georgia. When she seeks to enforce those rights in courts outside of Georgia, procedural questions arising in the enforcement are determined by the laws of the state where enforcement is sought. *Kirby v. Fulbright,* 262 N.C. 144, 136 S.E. 2d 652; *Frisbee v. West,* 260 N.C. 269, 132 S.E. 2d 609; *Shaw v. Lee,* 258 N.C. 609, 129 S.E. 2d 288; *Knight v. Associated Transport, Inc.,* 255 N.C. 462, 122 S.E. 2d 64.

The rule generally applied to determine the liability of a host to a social guest for injuries sustained during the visit because of some asserted defect in the premises is to treat the guest as a mere licensee — and not as an invitee. "Minor services performed by a guest for the host during the course of a visit will not change the status of the guest from a licensee to an invitee." *Murrell v. Handley,* 245 N.C. 559, 96 S.E. 2d 717.

Here, plaintiff bases her right to recover on Title 105, § 401 of the Code of Georgia. That section provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe."

Plaintiff's status in the home of defendant was, on the facts alleged in the complaint, by the quoted Georgia statute, changed from that of a licensee to that of an invitee. *Campbell v. Eubanks,* 107 Ga. App. 527, 130 S.E. 2d 832; *Martin v. Henson,* 95 Ga. App. 715, 99 S.E. 2d 251; *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288, 30 S.E. 2d 426.

The Georgia Court of Appeals, in its syllabus to the decision in *Martin v. Henson, supra,* summarizes the law of that state on the relation between host and guest in this language: "The status of invitee involves mutuality of interest. Mutuality of interest required to make one on the premises of another an invitee means that the subject matter of the enterprise must be mutual to the extent that each party is lawfully interested therein, or that there is common interest or mutual advantage involved."

The law of this State imposes on an occupant of land who invites another to his premises the duty to exercise ordinary care to keep the premises in a reasonably safe condition. *Jones v. Pinehurst, Inc.,* 261

N.C. 575, 135 S.E. 2d 580; *Shaw v. Ward Co.,* 260 N.C. 574, 133 S.E. 2d 217; *Raper v. McCrory-McLellan Corp.,* 259 N.C. 199, 130 S.E. 2d 281; but the law of Georgia, by the language of its statute (105-401), enlarges the obligation of the host to the invitee. Under the Georgia law: "An owner of premises must, as to invitees, exercise ordinary care to keep premises safe, not *reasonably* safe." Court's syllabus, *Martin v. Henson, supra.*

As previously stated, plaintiff's right to recover is measured by the law of Georgia. But the sufficiency of the allegations in the complaint, liberally construed, G.S. 1-151, must be determined by the law of this State.

The obligation imposed on a host to keep his property in safe condition is, by the law of north Carolina and the law of Georgia, limited to the areas the guest is expected to use. When an invitee exceeds his invitation and goes to areas not open to his use, he ceases to be an invitee — he is a mere licensee. *Cupita v. Country Club,* 252 N.C. 346, 113 S.E. 2d 712; *Francis v. Drug Co.,* 230 N.C. 753, 55 S.E. 2d 499; *Wilson v. Dowtin,* 215 N.C. 547, 2 S.E. 2d 576; *Ellis v. Refining Co.,* 214 N.C. 388, 199 S.E. 403; *Augusta Amusements v. Powell,* 93 Ga. App. 752, 92 S.E. 2d 720; *Cooper v. Anderson,* 96 Ga. App. 800, 101 S.E. 2d 771.

Plaintiff does not allege she was expected to use the basement. Normally, one who invites another to visit in his home does not expect the guest to be prowling in either the attic or the basement. He is under no obligation to protect a guest against defects in those places.

Fairly analyzed, the complaint does not seek to impose liability on defendants because of the defects in the facilities for reaching the basement floor. What plaintiff complains of is defendants' failure to guard against the conduct and mistakes of plaintiff.

· It is difficult to visualize defendants' home from the description given in the complaint and on oral argument. One may well surmise that it is not a large home. The hall is about 30 inches wide. (This conclusion is based on the fact that the doors to the nursery and bedroom on opposite sides of the hall were, as plaintiff alleges, two and one-half feet apart.) No description is given of the route one is expected to take in going from the kitchen, where plaintiff had been helping her daughter, to the nursery or other rooms. There is no allegation that the plan or manner of construction violated the building code of Atlanta, or any law of Georgia. There is nothing in the complaint to indicate that plaintiff was not informed of the purposes served by each of the doors described in the complaint. The door to the den, we were told, is at the opposite end of the hall from the door to the basement. The light from the den was sufficient to dimly illuminate the hall. This inadequate il-

lumination caused plaintiff to mistake the door she wanted to use; but plaintiff was responsible for the lack of light in the hall. She turned off the light in the bedroom. Neither of the defendants was present when plaintiff turned off the bedroom light and started across the hall.

Plaintiff's injuries were the consequence of her conduct. She now seeks to impose liability on defendants because of their failure to anticipate the mistakes which she made, which mistakes resulted in her unfortunate fall and injuries.

The law applicable to the factual situation described in the complaint was stated by Felton, Chief Judge of the Georgia Court of Appeals, in this language: " 'One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable.' *Yarborough v. Cantex Mfg. Co.*, 97 Ga. App. 438, 440, 103 S.E. 2d 138, 140 and cit. 'The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable; that is, likely to occur according to the usual experience of persons.' *Whitaker v. Jones, McDougald, Smith, Pew Co.*, 69 Ga. App. 711, 716, 26 S.E. 2d 545, 548." *Covington v. S. H. Kress & Company*, 102 Ga. App. 204, 115 S.E. 2d 621. That statement of the law accords with earlier decisions. *Misenhamer v. Pharr*, 99 Ga. App. 163, 107 S.E. 2d 875; *McCrory Stores Corporation v. Ahern*, 65 Ga. App. 334, 15 S.E. 2d 797.

Our cases are in accord. *Insurance Co. v. Chevrolet Co.*, 253 N.C. 243, 116 S.E. 2d 780; *Lemon v. Lumber Co.*, 251 N.C. 675, 111 S.E. 2d 868.

*Lake v. Cameron*, 64 Ga. App. 501, 13 S.E. 2d 856, relied on by plaintiff, is factually different and this difference produces different results. There, a patient at a clinic was told by the receptionist to go to a room to unrobe and put on a smock then given her. She proceeded along a narrow, dimly lit hallway and stopped in front of two adjacent doors. Neither was marked. One gave entrance to a dressing room, the other to a basement. Plaintiff was unaware of the fact that both doors did not lead to dressing rooms. She inquired of the receptionist if she should enter, and was told to do so. She opened the door to the basement and fell.

There, defendant's agent, aware of plaintiff's danger, gave instructions which caused plaintiff's injuries. Here, plaintiff created the condition causing her fall.

The judgment sustaining the demurrer is
Affirmed.