DOROTHY C. HILKER v. LUCY KNOX

No. 7310SC496

(Filed 11 July 1973)

1. Negligence § 59— duty of landowner to licensee

An invited guest in the home of the owner is a licensee to whom the owner owes the duty to refrain from willful or wanton negligence and from the commission of any act which would increase the guest's hazard.

2. **Negligence § 59— injury to licensee — failure to show actionable negligence — summary judgment proper**

    In an action to recover for personal injury sustained by plaintiff when she fell off defendant's porch, the trial court properly granted defendant's motion for summary judgment where plaintiff's evidence tended to show that, on the night of the accident, it was windy, raining and very dark, that plaintiff preceded defendant through the front door and onto the front porch where plaintiff paused to wait for defendant to lock the house, that the porch was partially lit but that defendant caused the area suddenly to become pitch-black, either by closing the front door or by extinguishing the light.

APPEAL by plaintiff from *Godwin, Judge,* 5 February 1973 Civil Session, WAKE Superior Court.

In this action plaintiff seeks to recover damages for personal injuries arising out of a fall suffered by plaintiff while visiting as a social guest at the home of defendant.

At the hearing on defendant's motion for summary judgment, plaintiff introduced her affidavit, pertinent parts of which are summarized as follows: On the evening of 24 September 1969, she was an invited guest in the home of defendant, arriving at said home at approximately 6:15 p.m. After supper plaintiff and defendant planned to visit plaintiff's husband who was then a patient at Rex Hospital, and following the visit they intended to proceed to plaintiff's home for the remainder of the night. As plaintiff and defendant were leaving defendant's home at approximately 8:15 p.m., it was windy, raining and very dark. Plaintiff preceded defendant through the front door and onto the front porch where plaintiff paused to wait for defendant to lock the house. The distance from the front door to the edge of the porch was approximately twelve feet, and at the edge of the porch there were two steps leading down to a paved walkway. There were outside light fixtures on both sides of the front door. The front porch was faintly lit, either by the outside lights or by light coming from inside the house through the open doorway. As plaintiff approached the edge of the porch, defendant, either by extinguishing the porch lights or by closing the front door, suddenly and without warning caused the entire porch area to become "pitch-black." As a result of suddenly being thrown into complete darkness, plaintiff stepped past the edge of the porch and fell "headlong" down the steps and onto the paved walkway.

At the hearing defendant introduced plaintiff's deposition, pertinent portions of which are summarized as follows:

Plaintiff was born on 26 June 1907. On 14 July 1961 she had an accident involving her left leg and hip and on the night in question was walking with the aid of a cane. Prior to the night in question, plaintiff had visited defendant's home approximately ten times and on those occasions she would enter the home at the front door. As one approaches the front of defendant's home, there is a short sidewalk that goes up to the porch. Then there are two steps leading up to the porch and beyond the porch from the steps is the front door. On the date in question, plaintiff arrived at defendant's home about 6:15 p.m. Plaintiff parked her car in front of defendant's home, turned the lights off, walked up the front sidewalk, up the steps and onto the porch. It was raining, windy and dark. With respect to leaving defendant's home, plaintiff testified:

> "As we were leaving we both walked to the hall and she opened the front door and pushed the screen open and said 'Go ahead, Dot, and let me find my keys and lock the door and I will come on.' I started out and with the light on in the hall I could see the porch there for about four or five feet, and I went to the right side because I wanted a column or something to help me get down the steps. I did not hold on to the column because I never reached the column. The column is at the edge of the porch. It was so dark that I could not see one thing after she locked that door and I would assume turned out the light.
>
> Q. But you don't know?
>
> A. I wouldn't swear to it, no.
>
> I fell on the porch before I got to the column. One minute I was on the porch and the next minute I was laying flat on the sidewalk. The edge of the porch there was covered with water and, of course, I was trying to dodge that rubber mat with the holes. I do not know what caused me to fall. Like I said one minute I was on the porch walking toward the column to help me down and the next thing I was lying on the sidewalk."

Defendant moved for summary judgment pursuant to Rule 56(b) on the grounds that the pleadings and other materials presented to the court show as a matter of law that there is

no triable issue of material fact and that defendant is entitled to judgment as a matter of law. Following a hearing, the motion was allowed and from judgment denying plaintiff any recovery and taxing her with the costs, plaintiff appealed.

*Young, Moore & Henderson by Charles H. Young, Jr., for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey for defendant appellee.*

BRITT, Judge.

[2] We hold that the court did not err in rendering summary judgment in favor of defendant. In our opinion, neither in her affidavit nor in her deposition did plaintiff show actionable negligence on the part of defendant that would support a verdict on the issue of negligence.

[1] Plaintiff concedes that on the occasion in question, she was a licensee. This concession, that an invited guest in the home of the owner is a licensee and not an invitee, is fully supported by the authorities. *Cobb v. Clark,* 265 N.C. 194, 143 S.E. 2d 103 (1965) ; *Murrell v. Handley,* 245 N.C. 559, 96 S.E. 2d 717 (1957) ; *Clarke v. Kerchner,* 11 N.C. App. 454, 181 S.E. 2d 787 (1971) ; cert. den. 279 N.C. 393.

The duty defendant owed plaintiff in the case at bar was to refrain from willful or wanton negligence and from the commission of any act which would increase plaintiff's hazard. *Dunn v. Bomberger,* 213 N.C. 172, 195 S.E. 364 (1938) ; *Clarke v. Kerchner, supra.* Although plaintiff testified orally that she would not swear that plaintiff extinguished the light, and "I do not know what caused me to fall," she argues that on the motion for summary judgment she was entitled to have the evidence and materials presented considered in the light most favorable to her and that in her affidavit she stated that defendant caused the sudden darkness on the porch either by extinguishing the light or closing the front door.

[2] Should we agree with plaintiff that she was entitled to have the evidence and materials considered in the light most favorable to her, with all conflicting statements resolved in her favor, we do not think her statement that defendant *either* extinguished the light or closed the door would entitle plaintiff to go to the jury on the question of negligence. Assuming,

Castle v. Yates Co.

*arguendo,* that extinguishing the light would be "an act which would increase the hazard," we cannot perceive that closing the front door under the circumstances shown would constitute actionable negligence. If the jury were allowed to consider the issue of negligence on two alternative possibilities, one of which does not constitute negligence, there would be no way of knowing that a finding of negligence was based on a showing of negligence.

The judgment appealed from is

Affirmed.

Judges MORRIS and PARKER concur.