CHARLES N. ARRINGTON AND WIFE, BERTIE ARRINGTON, PLAINTIFFS v.
BRAD RAGAN, INC., T/D/B/A CAROLINA TIRE COMPANY, DEFENDANT AND
THIRD PARTY PLAINTIFF v. LEAR SIEGLER, INC., THIRD PARTY DEFENDANT

No. 8129SC337

(Filed 16 March 1982)

1. **Uniform Commercial Code § 14 — implied warranty on oil heater — directed verdict improper**

In an action which grew out of an explosion of a heater purchased by plaintiffs from defendant, the trial court erred in entering a directed verdict for defendants where plaintiffs' evidence indicated the heater malfunctioned when set on medium or low; that defendant had been notified of this shortly after purchase; and that plaintiffs set the heater on pilot, left it, and that the heater exploded.

2. **Negligence § 29 — failure to properly repair heater — sufficiency of evidence**

In an action which grew out of an explosion of a heater purchased by plaintiffs from defendant, the trial court erred in directing a verdict for defendant where plaintiffs' evidence tended to show the heater malfunctioned shortly after it was installed and continued to malfunction after being repaired once by defendant; the defendant was subsequently notified on several occasions that the heater was malfunctioning; and the defendant did not send anyone to repair the heater. If the jury should believe this evidence, they could conclude that the defendant failed to do something a reasonable man would have done.

APPEAL by plaintiffs from *Gaines, Judge.* Judgment entered 4 November 1980 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 11 November 1981.

This action grew out of an explosion of a heater purchased by the plaintiffs from Brad Ragan, Inc. The original defendant joined the third party defendant for contribution. Plaintiffs' evidence showed that they purchased in October 1977 a Siegler oil heater from the original defendant, that when first installed it made a "tremendous racket" when it was operated, that an employee of the original defendant repaired the stove so that it no longer made the noise but it still did not work properly, and the plaintiff complained on several occasions to the original defendant about the malfunctioning of the heater. The plaintiffs' evidence showed further that when the heater was set on a low or medium setting there was a strong odor of fuel oil; that the heat became too intense to be borne within a period of 20 to 30 minutes; and that the heater would make what Mr. Arrington described as a "woof

woof noise." Mr. Arrington testified that while the heater was set on pilot, they experienced no difficulty with it. On 27 May 1978 the plaintiffs left home with the heater on pilot. They were notified at approximately 4:00 a.m. on 28 May 1978 that their home had been destroyed by fire. Mr. Arrington testified on cross-examination that they had previously left home for 24-hour periods with the heater on pilot.

Steve Bryson testified for the plaintiffs that he was in his yard approximately 100 to 150 yards from the Arrington home on 27 May 1978 when he heard a muffled explosion at the Arrington home and saw the Arringtons' home "literally lit up in flames." Douglas Leon Fisher testified that he is the Assistant Chief of the Toxaway Fire Department and that when he arrived at the Arrington home, the entire building was burning. He was able to determine that it was the heater that was burning "so violently."

At the end of the plaintiffs' evidence, the court directed a verdict for the defendants. The plaintiffs appealed.

*Potts and Welch, by Jack H. Potts and Paul B. Welch, III, for plaintiff appellants.*

*Roberts, Cogburn and Williams, by James W. Williams, for original defendant appellee.*

WEBB, Judge.

[1] If, on the evidence, the plaintiff could recover either for breach of warranty or negligence, the motion for dismissal was improperly allowed. There was an implied warranty by the original defendant that the stove would heat the plaintiffs' home without exploding. *See* G.S. 25-2-315. We believe the principles applying to the facts of this case are found in *Insurance Co. v. Chevrolet Co.*, 253 N.C. 243, 116 S.E. 2d 780 (1960); *Lemon v. Lumber Co.*, 251 N.C. 675, 111 S.E. 2d 868 (1960); *Driver v. Snow*, 245 N.C. 223, 95 S.E. 2d 519 (1956). If the damage to the plaintiffs' property was proximately caused by the explosion of the stove and the stove exploded as a result of a defect which was latent so that the plaintiffs did not know and by reasonable diligence would not have known about it, the original defendant is liable to the plaintiffs for breach of warranty. We believe the evidence that the stove had previously malfunctioned with the evidence that

the fire was started by an explosion and the assistant fire chief's testimony that it was the heater that was burning "so violently" was evidence from which the jury could conclude that the explosion of the stove was a proximate cause of the destruction of the plaintiffs' home.

The defendants, relying on *Insurance Co. v. Chevrolet Co., supra*, contend that the plaintiffs are barred because if there was a defect in the stove it was apparent to the plaintiffs. In *Chevrolet Co.* our Supreme Court held the plaintiff could not recover either for breach of warranty or for negligence after an automobile had allegedly burned as a result of defects in the wiring and ignition system. In that case the plaintiff alleged the owner of the automobile had continued to drive it after she discovered the ignition system was defective and the engine of the automobile was saturated with gasoline whenever she drove it. The Supreme Court held a demurrer was properly sustained. The Supreme Court said the owner of the automobile was negligent in continuing to drive the automobile when she knew of the defects and this negligence was a bar to recovery for either breach of warranty or for negligence on the part of the defendant automobile dealer in not repairing the automobile. We believe *Chevrolet Co.* is distinguishable from the instant case. In *Chevrolet Co.* the plaintiff alleged the owner of the automobile knew the ignition was faulty and the engine was saturated with gasoline while the automobile was being operated but continued to use the vehicle. In the instant case the evidence showed the plaintiffs knew the heater malfunctioned when set on medium or low, but did not know it malfunctioned on pilot. They had previously set the heater on pilot and left it for as much as 24 hours without difficulty. We do not believe the jury could only conclude from this that the plaintiffs knew, or by reasonable diligence should have known, the heater would malfunction when set on pilot. We hold it was error to grant the defendants' motion for summary judgment on the ground of a breach of implied warranty.

[2]  As to the question of negligence on the part of the original defendant, we believe the evidence shows the heater malfunctioned shortly after it was installed and continued to malfunction after being repaired once by the original defendant. The original defendant was subsequently notified on several occasions that the

heater was malfunctioning but did not send anyone to repair the heater. If the jury should believe this evidence, they could conclude the original defendant failed to do something a reasonable man would have done. This would be negligence. We believe it is a jury question as to whether the plaintiffs were contributorily negligent in leaving their home with the heater on pilot when they knew the heater would malfunction when set on low or medium. The plaintiffs also contend that *res ipsa loquitur* applies. We hold that the original defendant did not retain control of the heater which makes *res ipsa loquitur* inapplicable. *See O'Quinn v. Southard,* 269 N.C. 385, 152 S.E. 2d 538 (1967).

The plaintiffs also assign error to the court's sustaining objections to questions asked of Mr. Arrington and Mr. Bryson. The record does not show what the answers of these witnesses would have been and we do not pass on these assignments of error. *See Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562 (1968).

For the reasons set out in this opinion, we reverse the judgment of the superior court and remand for trial.

Reversed and remanded.

Judges MARTIN (Robert M.) and WELLS concur.