DAVID JONES, T/A ROYAL CLEANERS AND LAUNDRY, PLAINTIFF v. TOWN OF ANGIER; AND ANGIER & BLACK RIVER FIRE DEPARTMENT, INC., DEFENDANTS

No. COA06-391

(Filed 2 January 2007)

## 1. Statutes of Limitation and Repose— provision of dirty water to dry cleaner—continuing injury

The statute of limitations had run and the trial court did not err by granting defendants' motions for summary judgment on a negligence claim that involved the flushing of water pipes and the provision of water with sediments which stained clothes at plaintiff's dry cleaning business. The injury was a continuing one that was apparent to plaintiff for more than three years.

## 2. Warranties; Statute of Limitations— municipal water supply—dirty water furnished to dry cleaner

The trial court erred by granting summary judgment for defendant town on a claim for breach of implied warranty of merchantability arising from the provision of water which damaged the clothes at plaintiff's dry cleaning business. The claim is not completely barred because plaintiff could not determine whether the water was fit for use prior to purchase. However, the two-year statute of limitations for contract claims against local governments limits plaintiff to seeking damages for the two years preceding the lawsuit. N.C.G.S. § 1-53.

Appeal by plaintiff from judgments entered 20 September 2005 and 21 October 2005 by Judge D. Jack Hooks, Jr., in Harnett County Superior Court. Heard in the Court of Appeals 6 December 2006.

*Bain, Buzzard & McRae, LLP, by Edgar R. Bain and L. Stacy Weaver III, for plaintiff appellants.*

*Little & Little, PLLC, by Cathryn M. Little, for Town of Angier defendant appellee.*

*Cranfill, Sumner & Hartzog, LLP, by Robert W. Sumner and Meredith T. Black, for Angier and Black River Fire Department, Inc., defendant appellee.*

McCULLOUGH, Judge.

Plaintiff appeals from judgments granting defendants' motions for summary judgment. We affirm in part and reverse and remand in part.

## FACTS

Plaintiff David Jones ("plaintiff") operates a business under the name of Royal Cleaners and Laundry. Royal Cleaners and Laundry is located in the Town of Angier, North Carolina ("Angier"), a named defendant. Defendant Black River Fire Department, Inc. ("Fire Department") is a non-profit corporation existing pursuant to the laws of North Carolina that provides fire protection and emergency medical services to the citizens and residents of Angier and the Black River Township.

On 25 April 2005, plaintiff filed an amended complaint against Angier and Fire Department asserting negligence against both defendants and breach of the implied warranty of merchantability against Angier. The basis of the claims against Angier are that plaintiff was provided water by Angier that was often filled with mud, dirt, rust, or other impediments which left brown spots or discoloration on clothing or garments which had been brought to plaintiff's place of business by its customers for washing or cleaning. The basis of the claim against Fire Department is that in flushing the fire hydrants, Fire Department stirred up mud, clay, and other sediments in the line which were transported through the water lines to plaintiff's business which eventually stained customers clothes and damaged plaintiff's business. Plaintiff claims that he has on numerous occasions attempted to get Angier and Fire Department to desist from continuing to provide unclean water and stirring up water in the lines, but that both defendants have done nothing to assist in solving plaintiff's problem. On 22 July 2005, Fire Department and Angier filed motions for summary judgment. Then on 20 September 2005 and 21 October 2005, the trial court granted Fire Department and Angier's motions for summary judgment, respectively.

Plaintiff appeals.

## I.

Plaintiff contends that the trial court erred in granting defendants' motions for summary judgment. We disagree regarding plaintiff's negligence claims, but we agree regarding plaintiff's breach of the implied warranty of merchantability claim.

Granting summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "There is no genuine issue of material fact where a party demonstrates that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Harrison v. City of Sanford*, 177 N.C. App. 116, 118, 627 S.E.2d 672, 675 (2006). On appeal from a grant of summary judgment, this Court reviews the trial court's decision *de novo. Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 573-74 (1999).

Here, plaintiff asserted two causes of action based on negligence, one against Fire Department and one against Angier, and one cause of action based on the implied warranty of merchantability against Angier.

## A. Negligence

[1] Plaintiff contends that the instant case is similar to the case of *Harrison*, and that his negligence claims are not barred by the statute of limitations. In *Harrison*, the plaintiffs owned a residence which was serviced by a sewer line and manhole maintained and operated by the City of Sanford. *Harrison*, 177 N.C. App. at 117, 627 S.E.2d at 674. Beginning in 1992, the Harrisons had problems with sewage from the sewer line and manhole entering their yard and a small concrete area of the basement. *Id.* Beginning in 1996, the Harrisons contacted the City of Sanford on several occasions regarding the problems with the sewage discharge, but the City failed to correct the problems. *Id.* Then on 8 August 2003, a large rain storm occurred which caused 39 inches of sewage to enter the Harrisons' basement causing personal property damage of approximately $49,000 and other property damage totaling approximately $20,000. *Id.* The Harrisons filed a lawsuit against the City of Sanford alleging, among other things, negligence. *Id.* The City of Sanford filed a motion for summary judgment. *Id.* The trial court entered an order granting the City of Sanford's motion for summary judgment, and the Harrisons appealed. *Id.* We determined that the trial court erred in granting summary judgment and noted that the lawsuit was not barred by the three-year statute of limitations found in N.C. Gen. Stat. § 1-52(16) (2005), because of the "separate and distinct nature" of the different property damage events

complained of by the Harrisons. *Id.* at 119, 627 S.E.2d at 675. We noted there was a difference between the damage that occurred before 8 August 2003 consisting of broken pipes and concrete, and the damage which occurred on 8 August 2003 which caused a loss of approximately $69,000. *Id.* We stated that *Harrison* was not a case of a continuing injury nor was it one involving an exacerbated injury. *Id.* at 119, 627 S.E.2d at 676.

Defendant asserts that the instant case is not like *Harrison*, but is like *Robertson v. City of High Point*, 129 N.C. App. 88, 497 S.E.2d 300, *disc. review denied*, 348 N.C. 500, 510 S.E.2d 654 (1998). In *Robertson*, the plaintiffs filed a suit alleging, among other things, negligence based on damage caused by the operation of a landfill in the dumping of solid waste. *Id.* at 90, 497 S.E.2d at 301-02. The plaintiffs alleged that the City's landfill operation caused damage to their property beginning 9 October 1993, but their complaint was not filed until 23 December 1996. *Id.* at 91, 497 S.E.2d at 302. We held that the claims were barred by the statute of limitations. *Id.* In so holding, we stated, "where plaintiffs clearly know more than three years prior to bringing suit about damages, yet take no legal action until the statute of limitations has run, the fact that further damage is caused does not bring about a new cause of action." *Id.*

After reviewing the record and depositions, we determine the instant case to be like *Robertson*. Here, the injury was a continuing injury which was apparent to plaintiff for more than three years. Plaintiff admits in his amended complaint that the dirty water had been periodically furnished to him over a period of more than ten years. In addition, the amended complaint states that plaintiff experienced problems with the dirty water at least two or three times per month in each year during the last ten years. Further, we do not think the injuries complained of by plaintiff had a "separate and distinct nature" like the injury complained of in *Harrison*. Accordingly, we disagree with plaintiff's contention.

### B. Implied Warranty of Merchantability

[2] We have previously stated that the sale of water by a municipality is a proprietary function not subject to governmental immunity and constitutes the sale of goods under the Uniform Commercial Code ("U.C.C."). *Mulberry-Fairplains Water Assn. v. Town of North Wilkesboro*, 105 N.C. App. 258, 264-65, 412 S.E.2d 910, 914-15, *disc. review denied*, 332 N.C. 148, 419 S.E.2d 573 (1992). Under the U.C.C., a warranty of merchantability is implied in the sale of goods if the

seller is a merchant with respect to goods of that kind. N.C. Gen. Stat. § 25-2-314(1) (2005). The U.C.C. contains a four-year statute of limitations for breach of warranty, accruing from when tender of delivery is made. N.C. Gen. Stat. § 25-2-725 (2005).

Here, Angier tenders water to plaintiff every time he uses water at his business. Thus, under the particular facts of this case, the statute of limitations found in the U.C.C. would not bar plaintiff from suing for any damages that have occurred within the four years prior to the filing of the lawsuit. However, the North Carolina General Statutes contain a two-year statute of limitations for actions brought against a local unit of government upon a contract, obligation or liability arising out of a contract, express or implied. N.C. Gen. Stat. § 1-53 (2005). Because Angier is a local unit of government, plaintiff can only sue for any damages that have occurred within two years prior to filing the lawsuit based on the implied warranty of merchantability.

Angier relies on *Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E.2d 336 (1967), contending that plaintiff's claim for breach of the implied warranty of merchantability should be barred. In *Matthieu*, our Supreme Court stated that the " ' "[i]mplied warranty cannot extend to defects which are visible and alike within the knowledge of the vendee and vendor, *or when the sources of information are alike open and accessible to each party*." ' " *Id.* at 217, 152 S.E.2d at 341 (quoting *Driver v. Snow*, 245 N.C. 223, 225, 95 S.E.2d 519, 520-21 (1956)). " 'There is no implied warranty where the buyer has knowledge equal to that of the seller . . . the presence of the goods at the time of sale open and available for inspection . . . prevents the implication of warranties.' " *Driver*, 245 N.C. at 225, 95 S.E.2d at 521 (citation omitted).

Here, the water supplied to plaintiff by Angier cannot be inspected at the time of the sale. As soon as any water is used, plaintiff has purchased it. Thus, there does not seem to be any practical way for plaintiff to inspect the water prior to purchase. Also, the water was not dirty every time plaintiff used it. Thus, without being able to inspect it prior to purchase, plaintiff could not determine whether the water was fit for use. Accordingly, we determine that plaintiff's claim based on the implied warranty of merchantability is not barred, but plaintiff can only seek damages for the period of two years preceding the filing of the lawsuit.

Therefore, we affirm the trial court regarding plaintiff's claims against Angier and Fire Department based on negligence. However,

we reverse and remand to the trial court regarding plaintiff's claim based on the implied warranty of merchantability against Angier.

Affirmed in part; reversed and remanded in part.

Chief Judge MARTIN and Judge ELMORE concur.