**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2129**

WILLIAM FERRO, a/k/a Bill Ferro,

    Plaintiff - Appellant,

  v.

VOLVO PENTA OF THE AMERICAS, LLC; VOLVO PENTA NORTH AMERICA, INC.; VOLVO PENTA MARINE PRODUCTS, LLC,

    Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:17-cv-00194-BO)

Submitted: April 19, 2018          Decided: May 3, 2018

Before TRAXLER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan A. Carnes, CARNESWARWICK, Raleigh, North Carolina, for Appellant. Richard J. Keshian, Winston-Salem, North Carolina, Phillip A. Harris, Jr., KILPATRICK TOWNSEND & STOCKTON, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Ferro appeals the district court's dismissal of his civil action against Volvo Penta of the Americas, LLC; Volvo Penta North America, Inc.; and Volvo Penta Marine Products, LLC (collectively, Appellees). Ferro's complaint raised claims arising from his purchase of a yacht outfitted with engines produced by Appellees. Ferro's claims hinged on the central allegation that Appellees' engines contained a defectively designed component, the XDP outdrive, which caused the engines to repeatedly malfunction and break down. Ferro specifically alleged claims for breach of warranty under the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301-2312 (2012); products liability claims for inadequate warning and design under N.C. Gen. Stat. §§ 99B-5, 99B-6 (2017); violations of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), N.C. Gen. Stat. § 75.1-1 (2017); and several common law tort claims.

The district court granted Appellees' motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6), concluding that all of Ferro's claims were time-barred except for certain portions of his products liability claims, which it found were subject to dismissal pursuant to North Carolina's economic loss rule. Ferro appeals the district court's order, challenging the dismissal of his MMWA, products liability, and UDTPA claims.[1] For the reasons that follow, we affirm.

---

[1] Because Ferro does not address the district court's dismissal of his remaining claims, he has waived appellate review of those issues. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

We review a district court's Rule 12(b)(6) dismissal de novo, assuming the complaint's well-pleaded facts to be true and drawing all reasonable inferences in the plaintiff's favor. *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (internal quotation marks omitted). "While the plaintiff is not required to forecast evidence sufficient to prove the elements of the claim, he must allege sufficient facts to establish those elements and advance [his] claim across the line from conceivable to plausible." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 146 (4th Cir. 2014) (internal quotation marks omitted). Where a defendant seeks dismissal on statute of limitations grounds, the court may dismiss under Rule 12(b)(6) "only if the time bar is apparent on the face of the complaint." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted).

The parties agree that Ferro's MMWA claim is subject to the four-year statute of limitations applicable under North Carolina law to claims for breach of warranty for the sale of goods. *See* N.C. Gen. Stat. § 25-2-725(1) (2017); *Jones v. Town of Angier*, 638 S.E.2d 607, 610 (N.C. Ct. App. 2007); *see also Highway Sales, Inc. v. Blue Bird Corp.*, 559 F.3d 782, 789 n.6 (8th Cir. 2009) (discussing MMWA limitations period). For purposes of this limitations period, a claim accrues either: (1) upon tender of delivery; or

3

(2) in the case "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance[,] . . . when the breach is or should have been discovered." N.C. Gen. Stat. § 25-2-725(2) (2017).

Ferro contends that his MMWA claim accrued not upon the original purchase of the defective XDP outdrives in June 2007, but upon each purchase of replacement parts to repair the outdrives, the latest of which occurred in June 2013. However, a close reading of Ferro's complaint belies his attempt to run the limitations period from the replacement part purchases. While Ferro's MMWA claim does reference implied warranties with respect to both the XDP outdrives and replacement parts, Ferro's complaint clearly describes the defect giving rise to the alleged breaches of warranty as a defect in the design and composition of the XDP outdrives, not in any individual replacement parts. Under North Carolina law, claims for breach of implied warranty require a defect existing in the part subject to warranty. *See Goodman v. Wenco Foods Inc.*, 423 S.E.2d 444, 454 (N.C. 1992) (warranty of merchantability); *Bailey v. LeBeau*, 339 S.E.2d 460, 463 (N.C. Ct. App. 1986) (warranty of fitness for particular purpose). As the complaint fails to give rise to a reasonable inference that the replacement parts were themselves defective, apart from their later inclusion into the defectively designed XDP outdrive, the complaint fails to plausibly state a claim for breach of implied warranty related to those replacement parts. Thus, the purchase of those parts does not affect the limitations period applicable to the breach of implied warranty claims.

Similarly, although Ferro attached a sample written warranty as an exhibit to the complaint, we conclude that the complaint does not contain sufficient factual matter to

4

plausibly allege that this sample warranty, or any other express warranty, applied to the replacement parts that Ferro purchased. Thus, while we agree with Ferro's textual analysis of the sample warranty,[2] we conclude that the replacement parts do not provide an independent accrual date for his breach of express warranty claim under the facts alleged. Running the limitations period from the original purchase of the yacht and its component XDP drives, Ferro's MMWA claim was significantly untimely. We therefore conclude that the district court properly dismissed the MMWA claim.

Ferro's arguments with respect to his UDTPA claim are likewise foreclosed by the well-pleaded allegations in his complaint. A UDTPA claim is subject to a four-year statute of limitations, accruing when the alleged violation occurred. *Dreamstreet Invs., Inc. v. MidCountry Bank*, 842 F.3d 825, 830 (4th Cir. 2016); *see* N.C. Gen. Stat. § 75-16.2 (2017) (providing limitations period); *Hinson v. United Fin. Servs., Inc.*, 473 S.E.2d 382, 387 (N.C. Ct. App. 1996) (describing accrual). A violation occurs when the defendant acts in a manner that "offends established public policy," "is unethical or unscrupulous," and "has a tendency to deceive" the average consumer. *Becker v. Graber Builders, Inc.*, 561 S.E.2d 905, 910-11 (N.C. Ct. App. 2002). "Where an unfair or deceptive trade practice claim is based on an alleged misrepresentation by the defendant, the plaintiff must show actual reliance on the alleged misrepresentation in order to

---

[2] Of course, in assessing the district court's dismissal order, we are not limited to considering the grounds articulated by the district court, but instead "may affirm [the] judgment for any reason appearing on the record." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

establish that the alleged misrepresentation proximately caused the injury of which plaintiff complains." *Sunset Beach Dev., LLC v. AMEC, Inc.*, 675 S.E.2d 46, 53 (N.C. Ct. App. 2009) (internal quotation marks omitted).

Ferro's UDTPA claim was predicated on Appellees' alleged withholding of information about the XDP outdrive defect and its attendant risks and harms, in an attempt to forestall legal action from Ferro. However, Ferro's complaint indicates that he was on notice by March 2013 of Defendants' alleged omissions underlying the UDTPA claim. Vitally, we conclude that the complaint fails to allege facts from which to plausibly infer that Defendants made any representations or omissions potentially actionable under the UDTPA within the four-year limitations period. Thus, the district court properly dismissed Ferro's UDTPA claim as time-barred.

Finally, turning to Ferro's products liability claims, Ferro expressly concurs on appeal with the district court's application of the statute of repose, thereby waiving any challenge to the court's partial application of the statute of repose to those claims. *See Grayson O*, 856 F.3d at 316. Ferro does fairly challenge the district court's application of the economic loss rule to his product liability claims. In addressing this issue in the district court, however, Ferro argued—as relevant to his products liability claims—only that the economic loss rule did not apply because his claims for damages were not limited to the defective product at issue.[3] On appeal, Ferro abandons that argument and offers an

---

[3] Although the parties have not included copies of their motion to dismiss or response in opposition within the Joint Appendix, we may properly consider those (Continued)

6

entirely new challenge to the economic loss rule, contending that the rule does not apply to his product liability claims because those claims arise out of statutes creating a duty independent of contract law, particularly in light of recent authority limiting the economic loss rule to negligence claims. The authority on which Ferro principally relies was available to him at the time of the relevant district court proceedings. As Ferro's argument was not first presented to the district court, it is not properly before us in this appeal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("Our settled rule is simple: absent exceptional circumstances, we do not consider issues raised for the first time on appeal." (alterations and internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

materials in resolving the appeal. *See* Fed. R. App. P. 30(a)(2) ("Parts of the record may be relied on by the court or the parties even though not included in the appendix.").